Sullivan, J.
Assumpsit by the appellees against the appellants for goods, &c., sold and delivered. Plea, the general issue. At the October term, 1842, here was a trial of the cause, and a verdict was rendered for the appellants. A new trial was granted, at the April term, 1848, the ap-pellees obtained a judgment.
The first error complained of by the appellants is, that the Court set aside the first verdict and granted a new trial.
The granting or refusing a new trial must, for the ad *515 vancement of justice, be necessarily confided in a great measure to the discretion of the Court, that hears the testimony and witnesses the progress of the trial. The case must be a very plain one, that will justify this Court in interfering with this discretion. Where manifest injustice bas been done, however, and a new trial has been refused, it will be error as has been repeatedly decided. So, where a verdict has been set aside and a new trial granted, for reasons not recognized by *the law, and upon the second trial, judgment has been rendered in favour of the party obtaining the new trial, that judgment will be reversed, and the party that obtained the first verdict will be restored to his rights under that verdict. Cummins et al. v. Walden, 4 Blackf., 307.
On the first trial, an important fact for the determination of the jury was, whether the plaintiffs were, as they represented themselves to be,-partners in the contract. After the testimony was through, the plaintiffs moved the Court to instruct the jury, that if they believed either from the written or parol testimony which had been introduced on the trial, that the defendants had acknowledged the partnership of the plaintiffs, it would be sufficient proof of that fact. The Court refused the instruction, and the defendants obtained a verdict. The Court erred in withholding the instruction asked. The acknowledgment and recognition of the plaintiff's as partners by the defendants, if not contradicted or explained by other proof, were sufficient to establish the partnership. The Court having inadvertently fallen into an error, did right in hastening to correct it by granting a new trial.
On the second trial, the plaintiffs having proved that the defendants were partners in a distillery and in the purchase of corn, offered in evidence certain receipts, after having proved their execution, signed by the defendant Martin, acknowledging the delivery-of 1,032 büshels of corn by the plaintiffs to the defendant Martin. The defendants objected to the evidence, but the Court received it. The admission of this testimony is said to be error. The Court did not err *516 in admitting those receipts in evidence. The partnership of the defendants being proved, it was proper that it should be left to the jury to determine whether the corn, delivered to one of the partners, was delivered on partnership account or not; and the receipts might be an important link in the chain of evidence to establish that fact.
At the request of the plaintiffs, the Court gave the following instruction to the jury,to which the defendants excepted, viz.: If the jury believe from the evidence, that Peter Bisel and Selden Martin were in partnership in a distillery at the time the corn was purchased, and if they believe it was *purchased by one of the partners for the use of the firm, they should hold both liable, although the plaintiffs did not know at the time of the existence of the partnership. There was no error in that instruction. The principle asserted is, that to give to the plaintiffs a right of action against the defendants for the'corn sold and delivered to one of the defendants for the use of the firm, it was not necessary that the plaintiffs should know, at the time of the sale and the delivery, that the defendants were partners. This is undoubtedly the law. Even in respect to secret partnerships, where the credit is given to the ostensible party, if it he in the course of the business of the partnership, and for the common benefit, the secret and silent partners are bound; for those who are to receive the benefit, are also bound to bear the burthens. Bank of U. S. v. Binney et al., 5 Mason’s R., 176. In the case of Swan et al. v. Steele et al., 7 East’s R., 210, it is said there may be partnerships where-none of the existing partners have their names in the firm. Third persons may not know who they are; and yet they are all bound by the acts of any of the partners in the name of the partnership. The same doctrine is recognized in Vere et al. v. Ashby et al., 10 B. &. C., 288.
There is no error in' the case *for which the judgment should be reversed.
Per Curiam.—The judgment is affirmed with three per cent, damages and costs.
H. Cooper and J. B. Howe, for the appellants.
D. H. Colerick, for the appellees.