## No. 4489.

### Joseph Boudreaux v. F. P. Martinez and als.

25  167<br>115 1087

In the case of a dormant or secret partner, although credit is manifestly given only to the ostensible partner, no other party being known, yet it is not deemed an exclusive credit, but is binding upon all for whom the partner acts, if done in their business and for their benefit.

The creditor is not affected by the state of affairs between the partners *inter se.* A deceit or fraud between them has nothing to do with their obligations towards third persons who are not party to it.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Taylor Beattie*, J. *Arthur F.* and *Clay Knobloch*, for plaintiff and appellant. *E. W. Blake*, for defendants and appellees.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

TALIAFERRO, J. Martinez, a merchant of New Orleans, having claims against Louis J. Meyer, a merchant of Thibodaux, in the parish of Lafourche, for merchandise furnished him, brought two suits against him in the parish court of Lafourche, and obtained judgments. Execution was issued and the stock of goods in the store of Meyer was seized. Thereupon Boudreaux, the plaintiff in this case, sued out a writ of injunction restraining Martinez and the sheriff from further proceeding with the seizure and sale and made Meyer a party to this injunction suit. Boudreaux alleges that he is the partner of Meyer ,and the owner of one undivided half of the stock of goods so seized. He contends that Martinez has no right to seize partnership property on a judgment rendered against an individual member of a commercial firm. He avers that to the knowledge of Martinez, Meyer possesses in the parish of Lafourche unincumbered property in his own right to the amount of ten thousand dollars, and far more than sufficient to discharge the amount of the judgments obtained by Martinez against Meyer.

The plaintiff charges collusion between Martinez and Meyer to procure a sale of the stock of merchandise by which his share and interest therein may be divested at a great sacrifice and injury to him and to their advantage. He prays to be declared owner of an undivided half share of the stock of merchandise; that the injunction be perpetuated, and that he recover one thousand dollars actual damages and five thousand dollars exemplary damages.

The answer of Martinez is a general denial. He specially alleges; that he dealt with Meyer alone without knowledge of the plaintiff as having any interest in the business of Louis J. Meyer, to whom alone he gave credit. He prays judgment dissolving the injunction, with; twenty per cent. damages on the amount injoined, and special damages for attorney's fees to the extent of two hundred and fifty dollars·—Meyer, for answer, admits the interest of the plaintiff in the store, but,. avers that the plaintiff "was ever and purely a silent partner therein,' the whole of the establishment being in the name of and its affairs· administered entirely by the respondent Meyer. That the indebtedness· to Martinez arose from the purchase of goods for the common benefit of himself and plaintiff, that the debt was contracted on partnership account and should be paid out of partnership property. He prays. judgment in his favor, with damages, etc.

Judgment was rendered dissolving the injunction with twenty per cent. on the amount of the judgment injoined. Seventy-five dollars· special damages for attorney's fees. That as to L. J. Meyer and the· sheriff the injunction be dissolved at plaintiff's costs and without damages. From this judgment the plaintiff has appealed.

It is pressed upon the consideration of the court that Martinez· brought his suit against one of the partners only, and that he can only recover judgment against him individually and enforce that judgment against the individual property of that partner, and could only seize· the residuary interest in the partnership of the partner sued in default of individual property. We do not understand the character of the· action to be such as described by the plaintiff in injunction. The· evidence is clear that the commercial transactions of L. J. Meyer and the plaintiff Boudreaux were carried on exclusively by and in the name of L. J. Meyer alone. Boudreaux was unknown to the world as· a partner. Martinez in answer to an interrogatory put to him swears· that previous to furnishing Meyer with the goods he never heard that Boudreaux had any interest in the concern. Boudreaux himself, on cross examination, said: "I am a partner of Mr. Meyer, but my name is not known. I was not known by Martinez except what Mr.· Meyer told them. Merchandise came marked L. J. Meyer alone. I know that Mr. Meyer was doing business with Mr. Martinez. I never· authorized Mr. Meyer to do anything connected with the store. Mr. Meyer knew what to do himself. He bought the goods. Mr. Meyer· made all the purchases in New Orleans."

It is beyond all question that Boudreaux was a mere passive member of the partnership, having an interest in it but taking no active part. in its business operations and unknown to the world as having any share or interest in its affairs. In bringing suit against L. J. Meyer, Martinez sued the firm. He knew no other firm than that of L. J. Meyer.

He supplied the store with goods. It is shown that the goods went. into that store and were sold for the profit and benefit of all concerned in that establishment. Boudreaux claimed and was entitled to a share of the profits of that store. Shall he be heard to say ·that he will reap· the benefits of its operations and share in none of its liabilities? But on the part of the plaintiff it is contended and much pains have been taken to show that there was a collusion between Meyer and Martinez. to defraud and injure the plaintiff. The fact that Meyer wrote to· Martinez to bring suits in the parish court against him ; that Meyer confessed judgment in these suits ; the seizure of the stock of goods. and other acts are pointed out as indicating a concocted plan to enable Meyer to purchase the entire stock of merchandise at a low price and thus enrich himself at the expense of and by the injury of the plaintiff.. If Meyer was acting fraudulently and in bad faith with Boudreaux, we do not see that Martinez is implicated with it. The alleged fraud and misconduct of Meyer as affecting Boudreaux can not be inquired into· in this case.

The liability of secret or dormant partners in commercial partnerships in all cases like the present is so well established and so universally recognized that authorities need scarce be referred to.

" In the case of a dormant or secret partner the credit is manifestly given only to the ostensible partner, for no other party is known. Still,. however, it is not treated as an exclusive credit, for the law in all cases of this sort founds its decision upon the ground that the creditor has had a choice or election of his debtor, which can not be where the· partner is dormant or unknown. The credit therefore is not deemed exclusive but binding upon all for whom the partner acts, if done in their business and for their benefit as in cases of agency for an unknown principal." Story on Partnership, sec. 138 ; also same work,. sec. 139 ; also pages 227, 257.

In the case of Scanell v. Payne & Harrison 5 An. 255 this court said in relation to deception practiced by one partner upon another, "the validity of the transactions between the bank and the parties. who effected the loan and consented to its application, is not affected by the state of affairs between the partners *inter se*. A deceit between partners has nothing to do with their obligations towards third persons. who are not privy to it. There is no evidence of any connivance on the part of the bank." The decision of the court *a qua* is clearly correct.

It is therefore ordered that the judgment of the district court be· affirmed with costs in both courts; but without prejudice to the plain-- tiff Boudreaux, to have his legal recourse against his partner, Louis J.. Meyer, on account of any matters growing out of their partnership.

Rehearing refused.