POOLE & HUNT v. W. G. LEWIS.

Where one member of a firm buys goods for the firm on his own credit, *without disclosing the fact that he is a member of the firm,* which goods are received and used by the firm: *Held,* that the firm is liable.to the vendor for the price of the goods.

CIVIL ACTION tried before his Honor Judge MOORE, at Spring Term, 1876, of EDGECOMBE Superior Court.

This action was brought to recover the price of a Turbine Water Wheel and fixtures, the transaction in regard to the purchase of which will appear in the following correspondence, the immaterial portions of the same being omitted :

" TARBORO', June 13, 1873.
*Messrs. Poole & Hunt, Baltimore, Md.:*

GENTLEMEN :—Please send us circular and catalogue of your Turbine wheels.    Also send list of discount to the trade.    We especially want information as to the best size Turbine water wheel to drive a pair of stones 4 ft. dia., and a 45 saw cotton gin at the same time, with 15 head of wa- ter, and the price.    Also price of suitable gearing for same.. Please give us the best information you have on these things and answer at once.    We wish a wheel that is not affected. by back water.
                    Very respectfully,
                              PLUMMER, LEWIS & Co..

BALTIMORE, June 15, 1873..
*Messrs. Plummer, Lewis & Co., Tarboro', N. C.:*

GENTLEMEN :—Yours of 13th inst. is at hand.    We recom- mend for driving one pair 4 ft. stones and a 45 saw cotton gin with 14 ft. *working* head, one of our 23 " Leffel water wheels," costing $324.00. * * * * *

We send you one of our pamphlets and a copy of the "Me- chanical News."    It is not our custom to allow a discount to any but regularly appointed sales agents, but as we have.

no sales agent in Tarboro', and as you are somewhat in the machinery business, we will allow you a discount of 10 per cent. on the water wheel and 5 per cent. on the machinery, if you secure this order for us.

Yours truly,

POOLE & HUNT, per Klimfelter.

PETERSBURG, Va., July 3, 1873.

*Messrs. Poole & Hunt, Baltimore, Md.:*

GENTS:—Please ship to Plummer, Lewis & Co., Tarboro', N. C., one Leffel Turbine water wheel, 20 inch. You will please send *to us here* the coupling that connects the water wheel to the shaft, that we may have the gearing here fitted to it. We enclose directions about manufacture of buckets, which you will please observe. Make bill of all to us and give us your best price.

Yours very truly,

PLUMMER, YOUNG & CO.

BALTIMORE, July 5, 1873.

*Messrs. Plummer, Young & Co., Petersburg, Va.:*

GENTS:—Yours of the 3d inst., ordering one 20 inch Leffel Turbine for Plummer, Lewis & Co., of Tarboro', N. C., has reached us. You omit to inform us in what direction the wheel is to run. Let us know and we can ship promptly. * * * * *          Yours truly,

POOLE & HUNT.

PETERSBURG, VA., July 10, 1873.

*Messrs. Poole & Hunt, Baltimore, Md.:*

GENTS:—We write to say that in addition to the water wheel ordered, Messrs. Plummer, Lewis & Co. want the gearing to run a pair of $3\frac{1}{2}$ feet mill stones and a 45 saw cotton gin, to run with belt. From the letter they write us we suppose that they have your estimate of cost, which they say is not to cost over $245.40. This amount, we suppose,

POOLE & HUNT *v.* LEWIS.

being the estimate you made them.  If you can't furnish the wheel and gearing without further information, you will please write to P., L. & Co., Tarboro', and ask for such information as will enable you to put the work up right.

Yours very truly,

PLUMMER, YOUNG & Co.

---

BALTIMORE, July 12, 1873.

*Mess. Plummer, Young & Co., Petersburg, Va.:*

GENTS:—We are in receipt of yours of 10th, ordering gearing for driving by belting, and we have written them to send us the direction they want the wheel to run, and whenever we obtain the above information we will enter the order at once.          Yours truly,

POOLE & HUNT, per K.

---

BALTIMORE, July 12, 1873.

*Mess. Plummer, Lewis & Co., Tarboro', N. C.:*

GENTS:—We are this morning in receipt of a letter from Mess. Plummer, Young & Co., Petersburg. ordering the shafting and gearing for driving your $3\frac{1}{2}$ feet stones by belting and your cotton gin.  They also wrote on 7th inst., that you would send us the information as to the direction the wheel is to run, but we have heard nothing from you.  Please let us hear from you at your earliest convenience, so that we can enter your order.          Yours truly,

POOLE & HUNT, per K.

---

TARBORO', July 16th, 1873.

*Messrs. Poole & Hunt, Baltimore, Md.:*

GENTS:—The wheel ordered for us by Plummer, Young & Co., of Petersburg, is to be a left-hand wheel.  Please ship as early as possible.  When will you probably ship?

Very respectfully yours,

PLUMMER, LEWIS & Co.

BALTIMORE, July 18th, 1873.

*Messrs. Plummer, Lewis & Co., Tarboro', N. C.:*

GENTS :—Yours of 16th instant, stating direction you wish your water-wheel to work, is at hand, and we have entered your order.   We are very busy at present, but will put your work in hand at once, and will probably ship in about three weeks.   *   *   *

Yours, truly,<br>POOLE & HUNT.

TARBORO', Sept. 17th, 1873.

*Messrs. Poole & Hunt, Baltimore, Md.:*

GENTS :—The balance-iron with machinery for driving $3\frac{1}{2}$ ft. mill stones recently sent us is short.   Please inform us if it was sent, and, if so, please try and trace it.   If it was not sent, please forward immediately.

Very truly,<br>PLUMMER, LEWIS & Co.

BALTIMORE, Sept. 20th, 1873.

*Messrs. Plummer, Lewis & Co., Tarboro,' N. C.:*

GENTS :—Yours of 17th instant is at hand.   There was no balance-iron ordered.   They are generally furnished by the mill-stone makers, and put in the stones by them, but we will make one and send it to you.

Yours, truly,<br>POOLE & HUNT.

The firm of Plummer, Young & Co. and the defendant were both members of the firm of Plummer, Lewis & Co.

It was admitted on the trial that Plummer, Lewis & Co. received the goods August 18th, 1873, and that their value was $536.50 ; and that, if they were liable to plaintiffs, they were entitled to judgment for that sum.

Defendant contended that the articles were purchased by

Plummer, Lewis & Co. from Plummer, Young & Co., who bought them from plaintiffs on their own exclusive credit. Defendant denied that Plummer, Lewis & Co. purchased from plaintiffs, or that plaintiffs gave credit to them. Defendant also alleged that Plummer, Young & Co. purchased the goods at a discount of 10 per cent., and sold to Plummer, Lewis & Co. at a net advance of $2\frac{1}{2}$ per cent., and that defendant had paid Plummer, Young & Co. in full.

On the trial, counsel for plaintiffs, after reading complaint —to which correspondence was attached as part thereof— insisted that there was no question of fact to go to the jury ; and if there was any issue, the only one was : " Did plaintiffs sell the goods to Plummer, Lewis & Co.? " Counsel for defendant insisted that the issue to be submitted should be: " Whom did Poole & Hunt trust for the goods?" His Honor said the only issue was : " Did plaintiffs give credit to Plummer, Young & Co., or Plummer, Lewis & Co.?" To this plaintiffs excepted.

Defendant offered in evidence the depositions of W. T. Plummer and N. M. Young, members of the firm of Plummer, Young & Co., to which were attached the original invoices made out by plaintiffs and sent to Plummer, Young & Co. Counsel for plaintiffs admitted the invoices, but objected to any evidence outside of correspondence and invoices, unless brought to the knowledge of plaintiffs. His Honor ruled out the evidence except that part which stated that plaintiffs allowed Plummer, Young & Co. 10 per cent. discount, and that they charged Plummer, Lewis & Co. $2\frac{1}{2}$ per cent. on the net price, and admitted that as evidence tending to show that the goods were purchased on the sole credit of Plummer, Young & Co. Plaintiffs excepted. His Honor also permitted defendant to testify that neither Plummer, Lewis & Co. nor defendant ever bought any goods from the plaintiffs nor had any dealings with them except his letter, which was considered a mere letter of in-

quiry; that he settled with Plummer, Young & Co. after demand made by plaintiffs of him for payment of the goods because he had given his note, and was compelled to pay it to the purchaser of the assignee in bankruptcy of Plummer, Young & Co.; that no demand was made on him until after the adjudication in bankruptcy of Plummer, Young & Co. Plaintiffs excepted to the evidence. Counsel for plaintiffs insisted: 1st. That it was a question of legal construction for the court, without the intervention of the jury. His Honor declined to so consider it, and plaintiffs excepted. 2d. That the assent of one partner was the assent of all, and that the question was one depending upon the law of co-partnership, as applied to the correspondence and papers by the Court. His Honor submitted to the jury the question: " Did the plaintiffs give credit to Plummer, Young & Co. or to Plummer, Lewis & Co.?" in the following charge: " To make a contract or agreement binding in law requires the concurrence of two minds—the assent of both parties. You have heard the evidence—take the case." Plaintiffs excepted.

The jury returned a verdict that the plaintiffs gave credit to Plummer, Young & Co., and not to Plummer, Lewis & Co. Plaintiffs moved for judgment *non obstante veredicto.* Motion overruled, and judgment for defendant. Appeal by plaintiffs.

*Howard & Perry,* for appellants.
*Phillips* and *Battle & Mordecai,* contra.

PEARSON, C. J. When one member of a firm buys goods for the firm on his own credit, which goods are received and used by the firm, without *disclosing the fact that he is a member of the firm,* the vendor has a right to hold the firm liable, on the ground that he who gets and uses goods ought to pay for them. This proposition is sustained by the cases, and is

so consonant to every principle of fair play and common honesty as not to require the authority of cases to support it. If a vendor sells goods to a firm, and chooses to take the obligation of the purchasing parties, and waives his right to hold the firm liable, he may do so. But in such case it is necessary for the firm to prove that the vendor knew that the party was a member of the firm, and elected to give credit to the purchasing parties alone—in other words, to take the less instead of the greater security to which he was entitled!

In our case the true question was, did the plaintiffs know that the goods were bought for the firm of Plummer, Lewis & Co? This is agreed. In the second place, in giving credit to Plummer, Young & Co., did the plaintiffs know that Plummer, Young & Co. was a member of the firm of Plummer, Lewis & Co., and with this knowledge elect to give the credit to Plummer, Young & Co., and waive the right to hold the firm of Plummer, Lewis & Co. responsible for the goods which were bought for its use, and of which it had the benefit? There is error in not submitting the case to the jury in this point of view.

As the case goes back for another trial, it may be well to observe: The fact that Plummer, Lewis & Co. had agreed to allow one of the firm, to-wit, Plummer, Young & Co., $2\frac{1}{2}$ cents commissions for making the purchase, was not made known to the plaintiff, and it is not seen upon what principle they could be affected by it. So it is not seen how the fact that after Plummer, Young & Co. went into bankruptcy, Lewis settled the price of the goods with the purchase of a note from the assignee in Bankruptcy, given for the price (it is not stated at what time the note was given) could in any way affect the plaintiffs' cause of action.

There is error.

PER CURIAM.                    *Venire de novo.*