A. G. THORNTON v. J. A. LAMBETH and C. P. VANSTORY.

*Practice in Supreme Court; When Opinion Given, although Appeal Dismissed—Premature Appeal—Partnership—Liability of Firm for Goods Sold One Member.*

1. Although an appeal before any judgment is rendered below is premature, and will be dismissed, yet, when it appears that a decision by this Court of the point intended to be raised by the appeal will practically terminate the action, the opinion of the Court will be given.

2. When one partner buys goods for the firm, and they are used for partnership purposes, but he gives his individual note for the price, he is entitled to have the note paid out of the partnership assets.

3. When one member of a firm buys goods on his own credit, without disclosing to the seller the fact that he is a member of a partnership, and the goods are used for partnership purposes, the firm is liable to the seller. In order to exempt the firm from liability, it must be shown that the seller knew of the partnership and elected to give credit to one partner alone.

CIVIL ACTION, tried before *Philips, J.,* at May Term, 1888, of CUMBERLAND Superior Court.

This was a civil action in the nature of a bill of equity, to close a partnership between the plaintiff A. G. Thornton and the defendant J. A. Lambeth, and for an account of partnership dealings.

The facts appear in the opinion. Defendant appealed.

*Mr. R. P. Buxton,* for the plaintiff.

*Messrs. Thomas H. Sutton* and *J. W. Hinsdale,* for the defendants.

DAVIS, J. This action was originally commenced against the defendant Lambeth for the settlement of a partnership account. It was alleged that the plaintiff and defendant

were partners, and, among other things, that, with the exception of property of small value, the defendant was in the possession of the partnership assets, and refused to render an account. It was further alleged that he was insolvent, and judgment was demanded for an account, and, also, that the defendant be enjoined from disposing of the partnership effects, and for the appointment of a receiver.

The defendant answered, admitting some and denying others of the allegations of the complaint.

A temporary restraining order was granted, and, upon its return and a hearing upon affidavits, it was found as a fact that the plaintiff and defendant entered into a copartnership for the purpose of buying and selling horses and mules, by the terms of which the defendant was to furnish the capital and the plaintiff his services in the prosecution of the partnership business, and the profits arising therefrom were to be equally divided. It was further found that the partnership effects, with exceptions named, were in the hands of the defendant, and that he refused to account and settle with the plaintiff.

An order was made appointing a receiver to collect and take charge of the partnership assets, and, by consent of parties, there was a reference to take and state an account of the copartnership, &c. The referee filed his report, from which it appears that a number of exceptions were made by the plaintiff to his ruling. Among other things, the referee found as a fact that the defendant, during the existence of the partnership, gave to C. P. Vanstory two promissory notes, aggregating $1,078.70, signed by himself alone, and that they "were given for stock purchased of Vanstory and used in the partnership business," and that said notes, except $100, remain unpaid.

He finds as a conclusion of law that these notes are partnership liabilities, and must be paid out of the partnership assets.

By motion in the cause, Vanstory was made a party defendant, and he filed an answer, asserting his claim and right to have it discharged out of the partnership assets.

It was admitted that the defendant Lambeth is insolvent, and it was agreed that, if the finding of fact and conclusion of law by the referee in regard to the Vanstory debt, excepted to by the plaintiff, should be sustained, it would obviate the necessity of passing upon the other exceptions, and, upon being heard before Philips, Judge, at May Term, 1888, of the Superior Court of Cumberland County, he gave judgment sustaining the ruling of the referee, and the defendant appealed.

The case states that "the insolvency of Lambeth was admitted, and that the plaintiff never asked for a personal judgment against him," and it appears that the only thing settled by the Court below is, that "C. P. Vanstory recover of said partnership of J. A. Lambeth and A. G. Thornton, trading as J. A. Lambeth, the sum of $978.20, with interest from April 1, 1887. The receiver will pay over to said C. P. Vanstory the sum of money in his hands, not in excess of costs and expenses."

The action was brought for an account and settlement of the partnership, and, whether the defendant be insolvent or not, there should be some judgment finally disposing of the action; and counsel for plaintiff in this Court insists that he is entitled to judgment against the defendant for the balance reported in his favor, without reference to the solvency or insolvency of the defendant.

We think the appeal should be dismissed as prematurely taken, or the case remanded, to the end that such judgment may be rendered as will, if not appealed from, or, if affirmed on appeal, determine the action, and it is agreed that the decision of the Court upon the question raised by the Vanstory claim will practically put an end to the controversy. We will dismiss it with our opinion upon the point intended

to be raised. This course is warranted by precedent. *State* v. *Divine*, 98 N. C., 778 ; *Railroad* v. *Reidsville*, 101 N. C., 404.

The business of the copartnership was that of trading in horses and mules, and the notes given to Vanstory were for the purchase of stock used in this business. It appears from the account filed, that Lambeth was the purchasing partner for the firm, for nearly the whole of his credits, amounting to over $14,000, were for horses and mules purchased for the firm, many of them from Vanstory, and sold by the firm.

That one partner has the right to have the partnership effects applied to the discharge of partnership debts, when necessary for that purpose, is too plain to be questioned. It is equally clear that when partners are to share in the profits of the partnership business, there can be no such thing as "profits to be equally divided," till the partnership debts are paid and all its liabilities discharged. But it is insisted for the plaintiff, that Vanstory accepted Lambeth's notes in payment for the horses and mules, and thereby gave credit to him alone, and though the mules and horses were purchased for the firm and used in the business, and were never paid for, yet Lambeth, the purchasing member of the firm, is alone liable to Vanstory, and the latter cannot look to the firm, because, as is insisted, he did not trust the firm, but took the notes of Lambeth alone. We cannot see the force of this argument, for if Lambeth had paid Vanstory for the stock, instead of giving his notes, he would have been entitled to credit for the amount paid, as was the case and was done with the $100 paid by him on the debt to Vanstory, and, as he was liable for it, he had a right to have it discharged out of the partnership effects, before any division of profits could be had. *Scott* v. *Kenan*, 94 N. C., 296 ; *Stout* v. *McNeill*, 98 N. C., 1. We think, upon this ground, the ruling of the Court below was correct; but there is another ground upon which the ruling can be sustained.

When one member of a firm buys goods on his own credit, without disclosing the fact that he is a member of the firm, and the goods are received and used by the firm, it would be liable to the vendor for the price of the goods, and in such case, in order to exempt the firm from liability, it would be necessary for it to prove that the vendor knew that the purchasing party was a member of the firm and elected to give credit to him alone. *Poole* v. *Lewis,* 75 N. C., 417.

Upon examination, it will be found that the authority cited by counsel for the plaintiff (Story on Partnerships, § 140, *et seq.*) has reference to cases in which the creditor has knowingly elected to take the separate security of one partner and give exclusive credit to such partner.

For the reasons already stated, and to the end that such judgment may be rendered as will determine the matters in controversy, we dismiss the appeal with the opinion above given.

.　Dismissed.