FISHEL ET AL. *v.* PINCKARD.

[No. 11,400. Filed December 6, 1923.]

1. PARTNERSHIP.—*Dormant Partner.—Liability for Firm Debts.*—A dormant partner, when discovered, is liable for the debts of the firm the same as an ostensible one. p. 546.

2. PARTNERSHIP.—*Firm Name.—Necessity.—Liability for Use of Individual Names.*—It is not essential, in order to bind a partnership, that the firm name be used; one of the partners may bind the firm by the use of his individual name alone. p. 546.

3. PARTNERSHIP.— *Dormant Partner.— Liability.— Complaint.— Sufficiency.*—A complaint against two partners who were doing business in the name of one of them may be sufficient to state

a cause of action against both although there is no direct averment that the defendants, as partners, entered into the agreement sued on, or that the one in whose name the business was being done had entered into the agreement for and on behalf of the partnership. p. 546.

4. APPEAL.—*Questions Presented.—Briefs.—Points and Authorities.—Rules of Court.—Argument.*—Under the rules of the Supreme Court, an argument is not a necessary part of a brief, and in so far as it attempts to present any question not presented in appellant's points and authorities, it will not be considered. p. 547.

5. JUDGMENTS.— *Partnership.— Establishment by Proof.— Statute.*—In an action at common law against two or more as partners, the partnership must have been proved or there could be no recovery, but the statute (§§594-596 Burns 1914) has changed this rule, and, in such action, the court may render judgment against one only where the proof does not establish the partnership. p. 548.

From Bartholomew Circuit Court; *Weldon Lambert,* Special Judge.

Action by Edward S. Pinchard against Charles I. Fishel and Herbert W. Fishel, as partners, doing business under the name and style of Herbert W. Fishel. From a judgment for plaintiff, the defendants appeal. *Affirmed in part and reversed in part.*

*George W. Long, Carl J. Carter* and *John Rynerson,* for appellants.

McMAHAN, J.—Complaint by appellee against Charles I. Fishel, and Herbert W. Fishel, alleging that they were partners and as such were in the business of boarding, handling and training dogs under the name of Herbert W. Fishel; that they maintained kennels at Hope, Indiana, in carrying on their business; that Charles had charge of and managed said kennels; that Herbert was known as the head handler and had charge of the training of the dogs in the field and went from place to place for that purpose and to procure dogs to

place in the kennels in charge of Charles; that appellee, who resided in the State of Georgia was not acquainted with defendants but had been informed that Herbert was a skilled trainer of dogs, and, being the owner of a valuable dog, he communicated with said Herbert, who was then in the State of Alabama, and arranged with the latter to train said dog for a named compensation, after which appellee shipped his dog to said Herbert; that when said arrangements were made and when said dog was so shipped, appellee did not know of the existence of the partnership between defendants, but that Herbert placed said dog in the kennels at Hope under the care and management of Charles, and that said dog was handled and trained by both defendants, who promised to return said dog in good condition. It is also alleged that defendants failed and refused to deliver said dog to appellee after appellee had demanded its return.

Defendants' demurrer for want of facts being overruled they filed an answer of general denial. There was a verdict and judgment against both defendants who filed a motion for a new trial, which was overruled and on appeal they have assigned as error the overruling of their demurrer to the complaint, and the overruling of their motion for a new trial.

Appellants' first contention is that the demurrer to the complaint should have been sustained, because there is no direct averment that appellants, as partners, entered into the agreement, or that appellant Herbert W. entered into and made the agreement for and on behalf of the partnership.

It is the law that a dormant partner, when discovered, is liable for the debts of the firm, the same as an ostensible one. *Gilmore* v. *Merritt* (1878), 62 Ind.
1-3.  525. The allegations of the complaint are sufficient to show that appellant Charles was a dor-

mant partner. It is not essential, in order to bind a partnership that the firm name be used, for one of the partners may bind the firm by the use of his individual name alone. *Bisel* v. *Hobbs* (1843), 6 Blackf. 479; Elliott, Contracts §4877; *Schmidt & Ziegler* v. *Ittman* (1894), 46 La. Ann. 888, 15 So. 310; *Boudreaux* v. *Martinez* (1873), 25 La. Ann. 167; *Lea* v. *Guice* (1850), 13 Smedes & M. (Miss.) 656; *Bromley* v. *Elliott* (1859), 38 N. H. 287, 75 Am. Dec. 182; *Lawson* v. *Davis* (1922), 238 S. W. (Ky.) 402. The complaint is not, in our opinion, subject to the objections urged.

The next contention of appellants is that the court erred in refusing to direct the jury to return a verdict in their favor. Appellants in support of 4. this contention have stated several abstract propositions of law, but have made no attempt to make any application of them to the questions presented by their assignment of errors. The substance of each of these several proposition is, that where the evidence is not sufficient to make out a case for the party having the burden of the issue, the court should instruct the jury to return a verdict against such party. In view of the further contention of appellants that the verdict is not sustained by sufficient evidence, because, as they say, there was no evidence to prove the existence of a partnership between appellants, we assume this to be the reason why appellants claim the court erred in not directing the jury to return a verdict in their favor. We also note that appellants, in that part of their brief devoted to argument, argue that the court erred in refusing to give this instruction because the evidence fails to show the existence of a partnership. But it it well settled that an argument, under the rules of the court, is not a necessary part of a brief, and insofar as it attempts to present any question not presented in appellants' points and authorities, it will not be con-

sidered. *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9; *Whipple* v. *Cain* (1920), 73 Ind. App. 285, 127 N. E. 283. We will therefore pass this contention of appellants and proceed to a consideration of the contention that the verdict is not sustained by sufficient evidence.

In support of this claim, appellants insist there is no evidence to support a finding that appellants were partners. In view of the contention of appellants

5. that the court erred in refusing to direct a verdict in their favor and erred in overruling their motion for a new trial because of the alleged failure of the evidence to show a partnership, we are justified in assuming that it was their contention in the trial court that under the allegations of the complaint appellee could not recover against either ' appellant alone, that in order to be entitled to a verdict against either of the appellants, the evidence must show the existence of a partnership. That the trial court also adopted the theory that appellee must prove a partnership in order to be entitled to a verdict and that, under the issues, appellee would not in any event be entitled to a verdict against one of the appellants alone is evidenced by the fact that the court, in instruction No. 4, instructed the jury that the allegation in relation to the existence of the partnership was a material allegation which must be proven by a preponderance of the evidence, and, if they found that the partnership did not exist, the jury should go no further, but should return a verdict for both defendants.

In an action at common law against two or more where it is charged that the defendants were partners and they were sued as such, the partnership must be proved, or there could be no recovery. *Tomlinson* v. *Collett* (1834), 3 Blackf. 436; *Dickensheets* v. *Kaufman* (1867), 28 Ind. 251.

But in the case last cited the complaint alleged that the defendants were partners and as such had purchased certain merchandise. One defendant defaulted. The other appeared and filed an answer denying the existence of the partnership. The jury returned a general verdict in favor of the answering defendant, after which the plaintiff's motion for judgment on the pleadings notwithstanding the verdict was sustained and a judgment rendered against both defendants. On appeal, the judgment as to the answering defendant was reversed with directions to the trial court to render a judgment on the verdict in his favor, while the judgment as to the other defendant who had also appealed was affirmed.

Section 594 Burns 1914, §568 R. S. 1881, provides: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves."

Section 595 Burns 1914, §569 R. S. 1881, provides, "In a suit against several defendants, the court may, in its discretion render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper."

Section 596 Burns 1914, §570 R. S. 1881, provides: "Though all the defendants have been summoned, judgment may be rendered against any of them, severally, when the plaintiff would be entitled to judgments against such defendants if the action had been against them severally."

Under these sections, it has been held that the trial court possesses chancery powers in adapting its judgment to the rights of the parties and that a plaintiff if he sue two or more jointly and only proves a liability as to one is entitled to a judgment against that one.

*Louisville, etc., R. Co.* v. *Treadway* (1895), 143 Ind. 689, 702, 40 N. E. 807, 41 N. E. 794.

*Hubbell* v. *Woolf* (1860), 15 Ind. 204, was an action by appellants against one Morrison and two others to recover upon three promissory notes alleged to have been executed by the three defendants by the name and style of Morrison. Morrison defaulted. The other defendants filed answers of *non est factum* and denying the existence of the partnership. There was a verdict and judgment in favor of the answering defendants and against Morrison. On an appeal by the plaintiff, the court, after referring to the sections of the statute then in force which were in substance the same as §§594-596 Burns 1914, *supra*, said: "Under these statutory provisions, we think it clear, that in actions against several upon contract, whether the contract be joint and several, or joint only, the plaintiff may have judgment against one or more of the defendants, if he shall make out a good cause of action against them, although he fail as to the others." And after quoting from *Blodget* v. *Morris* (1856), 14 N. Y. Ct. App. 482, where the court, referring to a statute substantially like our own, said: "This provision applies to all actions indiscriminately, whether founded upon contract or tort. * * *" Our Supreme Court, in the Hubbell case, continuing the discussion said: "The case at bar being a proper one for rendering a separate judgment against one or more of the defendants, and in favor of others, if the facts warrant such judgments,"—proceeded to a determination of the question presented and held that although some of the instructions might not be strictly correct, the verdict and judgment being clearly right, it would not reverse the judgment. See, also, *Brandt* v. *Hall* (1907), 40 Ind. App. 651, 82 N. E. 929, where it was held that under the provisions of §§594-596 Burns 1914, *supra*, the court possessed chancery powers

in adapting its judgments to the rights of the parties and if a plaintiff sue two or more jointly as partners and only proves liability as to one, he is entitled to judgment against that one.

It is not necessary to set out the evidence in the instant case or to enter into a discussion of the same. It is ample to support the verdict in so far as the appellant Herbert W. Fishel is concerned, but there is no evidence to sustain the verdict against the appellant Charles I. Fishel.

The merits of the cause having been fairly tried and determined in so far as Herbert W. is concerned, the judgment is affirmed as to him. The judgment against appellant Charles is reversed with directions to grant him a new trial and for further proceedings consistent with this opinion.