DOERR, ADMINISTRATOR, *v.* HIBBEN, HOLLWEG AND
COMPANY.

[No. 12,348.    Filed February 26, 1926.]

1.  PARTNERSHIP.—Each partner is liable for all valid partner-
ship debts, regardless of whether he is an active or a dormant
partner.  p. 241.

2.  GUARANTY.—*Contract of guaranty not enforcible where in-
duced by fraud or concealment by the guarantee.*—A contract
of guaranty is not enforcible by the guarantee where the
guarantor was induced to execute it by fraudulent representa-
tions or concealment on the part of the guarantee.  p. 241.

3.  PARTNERSHIP.—*Dormant partner liable for all partnership
debts notwithstanding a contract of guaranty by him limiting
his liability, executed without disclosing his partnership rela-
tion.*—A dormant partner who executed a contract of guaranty
limiting his liability for goods sold to the firm without dis-
closing his partnership relation was liable for all of the firm
indebtedness for goods sold to it notwithstanding the guaranty
contract.  p. 241.

4.  PARTNERSHIP.—*Contract of guaranty executed by a dormant
partner held without consideration.*—A contract of guaranty
executed by a dormant partner limiting his liability for goods
sold to the partnership is unenforcible because without con-
sideration.  p. 241.

From Marion Probate Court (14,329) ; *Mahlon E.
Bash,* Judge.

Claim against the estate of John W. Coneys by Hib-
ben, Hollweg and Company.  From a judgment for
claimant, the administrator, Joseph L. Doerr, appeals.
*Affirmed.*  By the court in banc.

*Pickens, Davidson, Gause & Pickens,* for appellant.
*Harry F. Pavey* and *Murat W. Hopkins,* for appellee.

REMY, J.—On January 2, 1922, appellant's decedent,
John W. Coneys, and Elizabeth Sutton, by written in-
strument, formed a general partnership to conduct a
mercantile business, the firm name to be The Sutton
Shop.  By the terms of the agreement, Sutton was to

have charge of the business and give the same all of her time; Coneys was to advance the money to start the business, and was to supply additional capital if necessary; profits and losses to be shared equally.

On March 20, 1922, Coneys executed and delivered to appellee his written contract of guaranty, by which he guaranteed to appellee the payment of goods purchased and to be purchased by The Sutton Shop. The contract, which was by its terms made continuing, contained the following provisions: "The ultimate liability of the undersigned to said Hibben, Hollweg & Co. on account thereof, both for bills now owing, and to become due and owing, is not to exceed the sum of $2,000."

At the time the guaranty was executed, The Sutton Shop was indebted to appellee for merchandise already purchased in a sum in excess of $2,000. Subsequent to the execution of the guaranty, The Sutton Shop became a regular customer of appellee, and as such bought goods the purchase price of which was more than $18,000. Payments on the account were made from time to time. Coneys died March 28, 1923, following which Sutton settled the partnership business as surviving partner. The proceeds of the partnership assets were $3,820.36, all of which sum was applied on the account of appellee, on which account, after this payment was made, there remained a balance, including interest, of $6,571.43. This balance not having been paid was by appellee filed as a claim against the estate of Coneys, appellant having previously been appointed administrator. Trial resulted in a judgment for full amount of claim.

The only question involved in this appeal is whether, because of the contract of guaranty, Coneys' liability was limited to $2,000.

It is elementary in the law of partnership, that each partner, whether a dormant partner or one active in

the management of the business, is liable for the
valid partnership debts. *Beach* v. *State Bank*
(1851), 2 Ind. 488; *Fishel* v. *Pinckard* (1923),
80 Ind. App. 544, 141 N. E. 615. The liability of partners rests upon the principle that one shall not be permitted to share the profits without taking his chances as to the losses. *Chester* v. *Dickerson* (1873), 54 N. Y. 1, 13 Am. Rep. 550. It is conceded by appellant that, except for the contract of guaranty, Coneys who was an undisclosed partner would have become liable for, and his estate would now be obligated to pay, the claim of appellee. It is contended, however, that Coneys had the right by contract to limit his liability to any creditor, and that by his guaranty agreement with appellee he fixed the maximum of his liability at $2,000. We do not so understand the law.

When the contract of guaranty was executed, the firm owed appellee more than $2,000 for goods previously purchased and delivered, and the obligation to pay for those goods rested equally upon the two members of the partnership. Coneys, knowing of his partnership relation and without disclosing that fact to appellee, made the contract of guaranty to limit his obligation, after which appellee sold and delivered to "The Sutton Shop" many thousands of dollars worth of goods. Coneys continued to be a member of the firm, knowing at all times that his partnership relation was unknown to appellee. If the partnership had been prosperous, he would have pocketed his half of the profits; but it was not prosperous, and somebody must lose. Coneys' legal representative in this suit pleads the contract, and says that the loss must fall upon appellee. That, however, is not the way of common honesty and fair dealing. It has many times been held, and is a well-settled rule of law, that a contract of

guaranty cannot be enforced by the guarantee where the guarantor has been induced to enter into the contract by fraudulent misrepresentations or concealment on the part of the guarantee. *Jungk* v. *Holbrook* (1897), 15 Utah 198, 49 Pac. 305, 62 Am. St. 921; *M. E. Smith & Co.* v. *Kimble* (1913), 31 S. D. 18, 138 N. W. 348, Ann. Cas. 1916A 497. A guarantor is in no better position when he seeks the benefit of a contract of guaranty the effect of which is to reduce his actual liability, if the contract was procured by his own fraudulent conduct. In the instant case, there is sufficient evidence to sustain a finding by the court that the contract was procured by the fraudulent conduct of the guarantor. A further reason why the guaranty contract is not available to appellant as a defense to appellee's claim is that it is without consideration.

The only judicial authority cited by appellant to uphold his contention in reference to the vital question presented by this appeal is *Leavitt* v. *Peck* (1819), 3 Conn. 124, 8 Am. Dec. 157. That decision, which is by a divided court of three judges, does not meet our approval. The dissenting opinion in that case is supported by the better reasoning.

We have found no adjudicated case where the facts are in all respects the same as in the case at bar; but we call attention to the following decisions, each of which involves the same principle: *Watson, Crews & Co.* v. *Henry Owens & Co.* (1844), 1 S. C. 111; *Poole & Hunt* v. *Lewis* (1876), 75 N. C. 417; *Nichols* v. *Cheairs* (1856), 36 Tenn. 230; *Robinson* v. *Wilkinson* (1817), 3 Price (Eng.) 538.

The trial court correctly held that the liability of appellant's decedent was not limited by the contract to $2,000.

Affirmed.