No. 1,317.

## The Chicago and Erie Railroad Company *v.* Barnes.

Verdict.—*Sufficiency of Evidence.*—*Preponderance of.*—*Appellate Court Practice.*—Where there is some evidence supporting every essential element of the case, the appellate tribunal will not determine where the preponderance lies.

Evidence.—*Of Repairs made in a Bridge After an Accident.*—*When Competent.*—While evidence of repairs of defects in a bridge, made after the occurrence of an accident, is not admissible to prove negligence, yet it may be competent in rebuttal to evidence as to the condition of the bridge at a given time.

Same.—*Cross-Examination.*—*Limit of.*—*Discretion.*—The extent to which a party may, on cross-examination, go into the details of the

matters brought out on the original examination, is to some degree in the discretion of the trial court.

SAME.—*Value of Crop.—Cost of Production.*—Evidence of the cost of the putting in and cultivating of a crop considerably advanced toward maturity is not admissible to prove the value of the crop. The value of the crop does not depend on its cost of production, but on its present condition and prospects.

SAME.—*Damage to Crops.—Overflow.—Negligence.*—Evidence of the overflow of crops above plaintiff's land is not admissible in an action for damages to plaintiff's crops by overflow caused by the alleged negligent act of defendant.

APPELLATE COURT PRACTICE.—*Argument in Support of Error Assigned. —Sufficiency.*—A simple statement that the court erred in its ruling upon a certain proposition is not sufficient to require the court to examine and determine any matter in relation thereto.

From the Porter Circuit Court.

*O. Gresham, N. L. Agnew* and *D. E. Kelly,* for appellant.

*E. D. Crumpacker* and *G. Crumpacker,* for appellee.

GAVIN, J.—The appellee recovered judgment against appellant for damage to his crops, which were overflowed by reason of appellant's negligent construction and maintenance of a bridge and culvert, which were insufficient to permit the passage of the water flowing in natural watercourses crossed by said appellant's railroad. That a railway company is liable for the damages occasioned by such overflow is not controverted, but appellant asks a reversal because the court erred in overruling its motion for new trial.

One cause for a new trial is the insufficiency of the evidence to sustain the verdict. After setting out a portion of the evidence and facts in the case, counsel sum up the result by saying: "The fair preponderance of the evidence shows" such a state of facts as entitled appellant to a verdict. Even if this be true it does not aid appellant, for it has been many times decided that it is not the province of the appellate tribunal to determine where

lies the preponderance of the evidence, and reverse the case if it should not be considered to rest with the party successful below. *Coon* v. *Cronk,* 131 Ind. 44.

While there may be serious doubt as to whether all the evidence is in the record, we have examined it, and are satisfied that there is some evidence which fairly supports, either directly or by reasonable inference, every proposition essential to a recovery by appellee.

There was no error in permitting the appellee to prove that another bridge had been put in after the floods, and that the piling which interfered with the flow of water had been cut off.

Although evidence of repairs of defects made after the occurrence of an accident is not admissible to prove negligence ( *Terre Haute, etc., R. R. Co.* v. *Clem,* 123 Ind. 15; *Board, etc.,* v. *Pearson,* 129 Ind. 456), yet, in this case, the proof was proper because appellant had put a witness on the stand who testified that a plat or picture of the bridge and surroundings, prepared by himself, and introduced in evidence, was correct, and that the conditions were the same in December, 1893, when it was prepared, as in July, 1892, the time of the flood. The evidence of appellee, to which objection is made, was directly in rebuttal of this testimony.

Some complaint is made as to the rulings of the court on questions propounded on the cross-examinations of some witnesses. The limit and extent to which a party may, on cross-examination, go into the details and minutiae of the matters brought out on the original examination are, to some degree, at least, within the discretion of the trial judge. Greenleaf Ev., section 447; *Ledford* v. *Ledford,* 95 Ind. 283; *Wachstetter* v. *State,* 99 Ind. 290. There was, in the rulings of the trial court, no such serious error, if any, as would justify a reversal.

The Chicago and Erie Railroad Company *v.* Barnes.

Where the subject of controversy is the value of a growing crop, considerably advanced toward maturity, there is no error in refusing to permit proof of the cost of putting in and cultivating the crop up to that point. The value of a particular crop depends not upon its cost of production, but upon its present condition and prospects. There may be, and doubtless are, instances where the cost of production might throw light upon the value of the article, but we do not regard this as such an one.

Neither was the court in the wrong in refusing to hear evidence offered by appellant to show that other crops along Crooked Creek, and above appellee's land, were destroyed by the flood. Such evidence would certainly not tend to disprove appellee's case.

Counsel enumerate in their brief various other errors of the court in ruling upon the admission or rejection of evidence. We do not deem it necessary to take up these questions in detail. We have, however, considered these rulings in connection with the entire evidence in the cause, and are unable to find any material error in any of the rulings of which complaint is made.

We may add that the law is well settled in this State, that the simple statement that the court erred in its ruling upon a certain proposition is not such a presentation and argument of the question as will require the court to examine and determine any matter with relation thereto. Elliott's App. Proced., section 445. *Bonnel* v. *Shirley*, 131 Ind. 362.

There being no cause for reversal in the record, the judgment is affirmed.

Filed October 17, 1894.