## JEAN v. THE STATE, EX REL. GUTHRIE.

[No. 3,409. Filed October 10, 1900.]

APPEAL AND ERROR.—*Assignments of Errors.*—*New Trial.*—Errors in the giving and in the refusal to give instructions, and in the admission and rejection of evidence cannot be presented for review on appeal by independent assignments of error. Such questions must be assigned as causes in a motion for a new trial.  *p. 339.*

SAME.—*Bill of Exceptions.*—*Evidence.*—*Review.*—Where a bill of exceptions shows upon its face that it does not contain all the evidence, the Appellate Court will not consider any question which depends for its proper decision upon the evidence, although the bill states that it contains all the evidence.  *p. 340.*

BASTARDY. — *Amount of Judgment.* — *Discretion of Court.* — The amount of judgment in a bastardy proceeding is largely in the discretion of the court and will not be disturbed on appeal unless it is shown that the judge has abused his discretion.  *p. 340.*

From the Greene Circuit Court.  *Affirmed.*

*T. Van Buskirk* and *W. L. Slinkard,* for appellant.
*H. W. Moore* and *C. E. Davis,* for appellee.

ROBINSON, C. J.—The giving of instructions, and the refusal to give those requested, can not be presented for review on appeal by independent assignments of error. Nor can the admission or rejection of evidence be thus presented. Such questions must be assigned as causes in a motion for a new trial. *Cromer* v. *State,* 21 Ind. App. 502; *Baecher* v. *State,* 19 Ind. App. 100; *Kernodle* v. *Gibson,* 114 Ind. 451; *Indiana, etc., Co.* v. *Wagner,* 138 Ind. 658.

The bill of exceptions containing the evidence states that it ·contains all the evidence given in the cause. Following the direct examination of each of five witnesses called by appellant is the statement, "and said witness testified on cross-examination as follows, to wit." No evidence follows these several statements. If no evidence was in fact given, these statements should have been omitted. From them .we must conclude that these witnesses did testify on cross-examination. As this evidence is not in the bill, it thus shows upon its face that there was. evidence given which it does not contain. It has been uniformly held that although the bill states that it contains all the evidence, if it shows upon its face that it does not, the court will not consider any question which depends for its proper decision upon the evidence. *Collins* v. *Collins*, 100 Ind. 266; *Eichel* v. *Bower*, 2 Ind. App. 84; *Evansville, etc., R. Co.* v. *Kendall*, 4 Ind. App. 460; *Lawrenceburg, etc., Co.* v. *Hinke*, 119 Ind. 47; *Shimer* v. *Butler University*, 87 Ind. 218; *Morris* v. *Stern*, 80 Ind. 227; *Clay* v. *Clark*, 76 Ind. 161; *French* v. *State*, 81 Ind. 151; *Hammon* v. *Sexton*, 69 Ind. 37; *Brownlee* v. *Hare*, 64 Ind. 311; *Felbenzer* v. *Van Valzah*, 95 Ind. 128.

The reasons for a new trial all depend upon the evidence given at the trial. All the questions discussed by counsel could be determined only from a consideration of all the evidence. As the record shows upon its face that there was evidence given on the trial which it does not contain, we must treat the record as not containing the evidence. In overruling the motion for a new trial the court had all the evidence before it, and, in the absence of the evidence here, we must presume in favor of the action of the court.

The verdict of the jury was returned on the 22nd day of the term. On the 28th day of the term the attorneys for the State and for appellant agreed in open court that they would "take up this cause" on the 30th day of the term, and on that date the court heard evidence on the amount of

the judgment. In bastardy proceedings the court may hear evidence bearing especially upon the amount of the judgment. The amount to be fixed is largely within the court's discretion and is to be determined from the facts proved upon the trial and all the circumstances surrounding the case. There is nothing in the record to show that there was any abuse of this discretion. See *Goodwine* v. *State,* 5 Ind. App. 63.

Judgment affirmed.