MORIARITY, RECEIVER, *v.* HICKAM ET AL.

[No. 10,363. Filed May 25, 1920.]

1. APPEAL.—*Briefs.*—*Exceptions.*— *Review.*— Where appellant's brief fails to show any exception to the ruling complained of, he has no right to a reversal. p. 330.

2. APPEAL.—*Briefs.*— *Points.*— *Waiver.*— *Evidence.*— The question of the sufficiency of the evidence is waived by failure to refer thereto by propositions and authorities in appellant's brief. p. 331.

3. APPEAL.—*Instructions.*—*Correct Result.*—Where the verdict was right upon the evidence, contentions as to instructions given will not be considered. p. 331.

4. APPEAL. — *Briefs.* — *Exclusion of Exhibit.* — *Evidence.* — No question is presented as to the exclusion of an exhibit where neither the exhibit, the ruling, nor the exception to the ruling are shown in the brief. p. 331.

5. PARTIES.—*Objections.*—*Time to Present.*—An attempt to present a question of defect of parties made for the first time at the close of the evidence, is too late. p. 331.

6. NEW TRIAL.—*Newly-Discovered Evidence.*— *Cumulative.*— It is not error *per se* to deny a new trial on the grounds of newly-discovered evidence that is merely cumulative, such question being within the sound discretion of the court. p. 332.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Willis Hickam and others against John A. Moriarity, as receiver of the Central Union Telephone Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Samuel O. Pickens, Charles W. Moores, R. F. Davidson* and *Owen Pickens,* for appellant.

*Homer Elliott, Miller & Blair* and *Hickam & Hickam,* for appellees.

NICHOLS, J.—This appeal is from a judgment recovered by appellees against appellant, in an action in which appellant is charged with negligently constructing and maintaining a service wire of the Central Union Telephone Company, extending from its main line to appellees' garage, so as to allow it to come in contact with a high-voltage wire of the Spencer Electric Light, Power, Heat and Water Company, and also to come in contact with a metal roof of appellees' garage, thereby negligently transmitting the current from its main wire and from the wire of the lighting company to such metal roof, and thence to a gasoline tank in such garage, which resulted in setting fire to and destroying the same, together with two automobiles and other property contained therein.

. The only error assigned is the action of the court in overruling appellant's motion for a new trial. Appellant's brief does not show any exception to this 1. ruling of the court, and this court cannot know whether or not such an exception was or was not reserved without searching the record, independent of any assistance given by the brief. Appellees called attention to this defect, but appellant has failed to remedy it. All presumptions are in favor of the ruling of the trial court, and the duty rests upon appellant to show by his brief that an error has been committed by the

trial court to which he duly excepted at the time and, failing so to do, he has no right to a reversal of the judgment appealed from. *Chastain* v. *Board, etc.* (1918), 68 Ind. App. 162, 119 N. E. 1007; *Brayton* v. *City of Rushville* (1918), 68 Ind. App. 238, 120 N. E. 48.

While appellant in his motion for a new trial has assigned the insufficiency of the evidence to sustain the verdict, such question is not presented by appellant on appeal by any reference thereto in his propositions and authorities. Such question is therefore waived and the presumption that the evidence was sufficient to sustain the verdict is unchallenged.

We have examined the evidence as set out in appellant's brief and supplemented in appellees' brief, and from it we hold that it appears that a right result was reached. Appellant contends that certain instructions given by the court were erroneous, but we do not need to consider them for, even if they were erroneous, such error would not justify a reversal where the verdict was right upon the evidence. *Stockwell* v. *Brant* (1884), 97 Ind. 474; *Indianapolis St. R. Co.* v. *Schomberg* (1905), 164 Ind. 111, 72 N. E. 1041; *First Nat. Bank* v. *Ransford* (1914), 55 Ind. App. 663, 668, 104 N. E. 604; *Inland Steel Co.* v. *Ilko* (1914), 181 Ind. 72, 103 N. E. 7; *Mishler* v. *Chicago, etc., R. Co.* (1919), 188 Ind. 189, 122 N. E. 657.

Appellant complains that the court erred in excluding from the jury its exhibit C, but we do not find this exhibit in the appellant's brief, nor is the ruling of the court excluding it, nor the exception to the ruling of the court, shown in the brief. The question is not properly presented.

Even if it were, the question was waived by not being presented in time. It was not presented until at the close of the evidence at the trial. This was too late. If there was a defect of parties, it

should have been presented earlier in the proceedings. *Atkinson* v. *Mott* (1885), 102 Ind. 431, 26 N. E. 217.

There was no error in overruling the motion for a new trial upon the ground of newly-discovered evidence, for the reason that such evidence was merely cumulative; the question was within the sound discretion of the court, and such discretion was not abused.

Judgment affirmed.