## SMITH v. STATE OF INDIANA.

[No. 25,315. Filed December 8, 1927.]

1. APPEAL.—*Assignment of errors should be set out in appellant's brief.*—Although the rules of the Supreme Court do not specify that the assignment of errors shall be set out in appellant's brief, it should be done as a matter of good practice. p. 565.

2. APPEAL.—*Brief which does not refer to errors relied on for reversal presents no question for review.*—A brief, though containing a number of points of law, some of them supported by authorities, which does not refer, in any manner, to the errors relied on to reverse the judgment, presents no question for review, especially where such so-called points are mere abstract statements of law. p. 565.

From Clark Circuit Court; *James E. Taggart*, Special Judge.

Appeal by Percy Smith from a conviction for a criminal offense. *Affirmed.*

*H. W. Phipps, Charles Fleshman* and *L. A. Douglass*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Harry L. Gause*, Deputy Attorney-General, for the State.

TRAVIS, J.—The question presents itself by the face of appellant's brief that no question of law is properly before the court for review, because it does not comply with the rules of this court (Rule 22, clause 5.) The brief does not contain appellant's assignment of errors.

Although the rules of the court do not specify that the assignment of errors shall be copied *verbatim* in the brief, it is short of good practice upon appeal 1. not to show those assignments of errors upon which the errors relied upon are founded.

The brief contains seventeen numbered points of law, to some of which cases are cited as authority. Not one of such seventeen points refers in any manner 2. whatever to any error relied upon by appellant to reverse the judgment. A great many of the so-called points are mere abstract statements of law.

Some of the cases in support of such points do not occur in the volume and page of the Indiana Reports as cited in the brief. This court has held many times, and twice within the last four years, that a brief in the condition we find this one is insufficient to present any question for the court to decide. Rule 22, clause 5, of the rules of this court, prescribes: "the brief shall contain, under a separate heading of each error relied on, separately numbered points, stated concisely, and without argument, together with the authority relied on in support of them." See *Baker* v. *Stehle* (1918), 187 Ind. 468, 119 N. E. 4; *Pattison* v. *Grant Trust, etc., Co., Admr.* (1924), 195 Ind. 313, 144 N. E. 26, 28; *Winters* v. *State* (1926), *post* 719, 154 N. E. 478.

Judgment affirmed.