STATE OF INDIANA, EX REL. HEFLIN ET AL. *v.* HINDS, SCHOOL TRUSTEE, ET AL.

[No. 25,745. Filed March 29, 1929.]

*Gifford & Gifford* and *Jesse R. Coleman,* for appellants. *J. F. Pyke, Wolf & Barnes, C. W. Roll* and *George B. Shenk,* for appellees.

TRAVIS, J.—This is an action by relators to mandate defendants (appellees upon appeal) to proceed with the sale of bonds and to construct a school building.

The finding of the court to which the cause was tried is in favor of the defendants and against relators. Judgment was rendered upon the finding "that mandate should not issue."

Relators' motion for a new trial was overruled, which ruling is the only error assigned upon appeal.

The motion for a new trial alleges seven causes, the first four of which are based upon the admission of oral evidence; the fifth upon admission of an exhibit in evidence; the sixth, that the decision of the court is not sustained by sufficient evidence; and the seventh, that the decision is contrary to law.

The brief does not disclose the ruling made by the court which concerns the causes Nos. 1, 3 and 4, for a new trial, or that appellant excepted to a ruling, if any was made. The second cause for a new trial is based upon the court's ruling which sustained defendant's objection to relator's question to their witness, but relator did not except to the ruling. The brief shows relator's objection to a question by defen-

dants to their witness, but it is not disclosed that the court ruled upon the objection, nor that an exception was reserved. The exhibit in question which was introduced in evidence over relators' objection, is not set forth in the brief, for which reason the objection made cannot be applied to it; but the evidence concerning the exhibit seems to avoid the force of the objection to the admission of the exhibit in evidence.

The brief does not comply with part five of Rule 22 of the court, in that the alleged errors presented by the motion for a new trial are not fully presented. To get a satisfactory concept of the alleged erroneous rulings made by the court, it is necessary for this court to go to the transcript and search it on behalf of appellants. The court cannot perform this work for the attorneys. For such a lack of preparation of the brief, the alleged errors are not presented for review. *Washington Hotel Realty Co.* v. *Bedford Stone Co.* (1924), 195 Ind. 128, 139 (8), 143 N. E. 156.

Presumably, appellants seek to present the specific errors alleged in their motion for a new trial by six numbered points (Rule 22, part five). Not one of the six enumerated points is addressed to any specifically-alleged error, or to any error. Not one of the points of law refers to any one of the errors alleged to have been made in the introduction of the evidence. Neither is any one related to any one or more of such alleged erroneous judicial rulings. It is not shown wherein there is a lack or an absence of evidence sufficient to prove some fact material to sustain the decision of the court; neither is it made a point that there is a total insufficiency of evidence to prove any necessary element of fact to sustain the decision of the court. The written argument which is appended to the brief does not refer or pertain to any one or more of erroneous rulings of law set forth as causes for a new trial. The brief, in these

particulars, does not present any alleged error made by the trial court for review upon appeal. It is concluded that there is not a substantial compliance with the rules of court which pertain to the making of the brief. *Hill* v. *Taylor* (1917), 186 Ind. 680, 117 N. E. 930.

The propositions of law which pertain to the point of alleged error sought to be presented must be applied specifically to. the errors to which they relate. This is an indispensable duty of the attorneys of parties to appealed cases, to the end that "justice shall be administered . . . speedily and without delay." The rule is neither harsh nor arbitrary. The numbered points of the brief do not present an alleged erroneous ruling of the trial court for review. *Smith* v. *State* (1927), 199 Ind. 565, 158 N. E. 923; Ewbank's Manual (2d ed.) §181b.

Judgment affirmed.

Martin, C. J., concurs in conclusion.