GARMAN ET AL. *v.* STATE, EX REL. SPRANG.

[No. 13,902. Filed December 9, 1930. Rehearing denied April 14, 1931.]

*R. Earl Peters, Fay W. Leas* and *James P. Murphy,* for appellants.

*Aiken, Grant & Aiken,* for appellee.

McMAHAN, J.—This is an action by the State, on relation of Milo J. Sprang, against Joseph E. Garman and others. The salient facts are that the circuit court of Allen County appointed Garman superintendent of construction in a drainage proceeding; Garman gave bond, with the other defendants as his sureties, conditioned that he would honestly and faithfully perform his duties; on March 23, 1923, Garman let the contract for the work,

the contract price being $6,975, the work to be completed on or before December 1, 1925; the contract provided that the contractors should receive payment of not to exceed 80 per cent of the amount of the work completed up to the first day of each month, on their furnishing the superintendent an estimate of the engineer showing the value of the portion completed; the contractors failed to complete the work; in some places, they did no work on the ditch, the proper depth was not attained, the proper width was not constructed and the banks were not given proper slope; Garman, without having required any estimates by the engineer, took the contractors' word for the amount and value of the work done and paid to the contractors sums far in excess of the work performed; the amount so paid to the contractors and subcontractors, together with the amount paid out on account of liens growing out of the work, was $8,014.32, to which must be added $238.45, on account of unpaid liens on the funds in the hands of the county auditor.

On petition of landowners, Garman was removed, and Sprang appointed superintendent of construction to complete the work. When Garman was removed and Sprang appointed, there was but $177.83 available for the completion of the work. The necessary cost of completing the ditch is $4,350. This action is to collect that sum from Garman and the sureties on his bond. From a judgment in favor of the plaintiff, this appeal is prosecuted.

The facts were found specially, but no exceptions were reserved to the conclusions of law. The only error assigned which presents any question relates to the overruling of appellants' motion for a new trial.

Appellants' main contention is that Sprang was not the real party in interest and that the action should have been prosecuted by a landowner, and not by the superintendent. No such issue is tendered by the pleading, so that appellants' contention in

that regard is not well taken. *Millet* v. *Aetna, etc., Savings Co.* (1919), 70 Ind. App. 451, 122 N. E. 344; *Bowser, Admr.,* v. *Mattler* (1893), 137 Ind. 649, 35 N. E. 701, 36 N. E. 714.

Appellants make no claim that the special finding of facts is not sustained by sufficient evidence. The only other questions attempted to be presented relate to the admission and exclusion of evidence. Appellee calls attention to the fact that appellants have failed to set out in their brief the page and line in the record where any of the rulings relating to the admission and exclusion of evidence may be found, and insist that no question is presented. This contention of appellee is well taken. *State, ex rel.,* v. *Hinds, Trustee* (1929), 200 Ind. 613, 165 N. E. 754; *Chicago, etc., R. Co.* v. *Lawrence* (1906), 169 Ind. 319, 79 N. E. 363, 82 N. E. 768; *In re Darrow* (1910), 175 Ind. 44, 52, 92 N. E. 369; *Cheek* v. *State* (1908), 171 Ind. 98, 85 N. E. 779. It requires about 200 pages of appellants' printed brief to set out a condensed recital of the evidence. Without an index showing where the testimony of the several witnesses may be found, an unnecessary amount of labor was thrown upon this court to go through the brief for the purpose of finding the evidence and rulings of which complaint was made, and, after having located the questions in the brief, we find no reference to the page and line where any exception can be found.

Appellants have alleged error in each of nine rulings of the court in the admission and exclusion of evidence, but have not set out in their brief any reason or ground why either of such rulings was erroneous. The bare assertion of error presents no question for review. An appellant who claims the court erred must give some reason for the alleged claim of error. It is no part of the duties of an appellate tribunal to search for errors in order to reverse a judgment. That

burden rests with the appellant. And we hold that appellants have failed to present any question concerning the action of the court relating to the admission or exclusion of evidence. See *Washington Hotel Realty Co.* v. *Bedford Stone, etc., Co.* (1924), 195 Ind. 128, 143 N. E. 156; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033; *Wellington* v. *Reynolds* (1912), 177 Ind. 49, 97 N. E. 155; *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571, 118 N. E. 151; *Chicago, etc., R. Co.* v. *Barnes* (1894), 10 Ind. App. 460, 38 N. E. 428.

Judgment affirmed.