## HYDE v. CLIFT.

[No. 14,449. Filed June 24, 1932. Rehearing denied October 28, 1932. Transfer denied December 8, 1932.]

*Charles Mendenhall* and *Frank Williams*, for appellant.

*Charles B. Clarke* and *Walter C. Clarke*, for appellee.

CURTIS, J.—This was an action by the appellee against the appellant for money had and received by the appellant for the use and benefit of the appellee. The complaint contained the usual allegations of such a form of action. It was answered by a general denial. The appellant also filed a cross-complaint asking for a judgment against the appellee for the value of professional services alleged to have been rendered by the appellant to the appellee. To this cross-complaint the appellee filed a general denial, thus closing the issues.

The case was tried before a jury, who returned a verdict for the appellee on her complaint and against the appellant on his cross-complaint. Judgment was entered upon the verdict and in accordance therewith. A motion for a new trial was filed seasonably and overruled. The only error assigned and relied upon for reversal is the alleged error of the court in overruling the motion for a new trial. This motion contains 20 causes for a new trial as follows: "(1) The verdict of the jury is not sustained by sufficient evidence. (2) The verdict of the jury is contrary to law. (3) The court erred in overruling defendant's motion and application to withdraw said cause and the submission thereof from the jury, discharge the jury and continue the case until a later date, on account of the irregularity in the proceedings, before the jury, in that the bailiff of this court was charged with nodding his head towards the jury, while facing the jury, while defend-

ant's witness was testifying and which said bailiff admitted he might have done." The other 17 causes in the motion for a new trial relate to various rulings of the court in the admission or rejection of certain evidence; in sustaining certain motions to strike out certain parts of the evidence; in refusing to strike certain evidence and in refusing to require the appellee upon cross-examination to produce certain receipts which she said she had.

From the certificate of the trial judge it affirmatively appears that not all of the evidence is in the record. We quote as follows:

"I, Asa J. Smith, special judge in Cause No. 23819, in the Marion County Municipal Court, Room 1, in and for the county of Marion, in the State of Indiana, and who presided at, upon and during the trial of the above entitled cause, do hereby certify that on this 12th day of August, A. D. 1931, the defendant, William W. Hyde, tendered and presented to me the annexed and foregoing exceptions of defendant and copy of some of the exhibits in said cause, and requested that I examine, seal, sign and settle the same as exceptions of defendant and copy of some of the exhibits in said cause, which I now accordingly do.

"And I, Asa J. Smith, special judge in said cause, do hereby further certify that the said within bill of exceptions does not contain all, but contains a portion only of the evidence presented by and on behalf of the parties in the trial of this cause, and contains not all but a portion only of the exhibits identified and introduced by and on behalf of the parties in this cause, and contains not all but a portion only of the objections made, by and on behalf of the parties in this cause, and ruling of the court thereon and exceptions thereto.

"And said exceptions of defendant and the copy of some of the exhibits in said cause are now approved,

signed, sealed and settled by me as such exceptions of defendant and copy of some of the exhibits in said cause, and are now ordered to be filed in this cause with the clerk of this court as exceptions of defendant and copy of some of the exhibits in said cause.

"All of which is done and ordered this 12th day of August, A. D. 1931.

"IN WITNESS WHEREOF, I have hereunto subscribed my name this 12th day of August, 1931.

> "Asa J. Smith,
> "Special Judge, Marion County,
> Municipal Court, Room One,
> Room One, Marion County, State
> of Indiana."

The question as to whether or not the verdict is sustained by sufficient evidence or is contrary to law can only be determined on appeal, from the evidence, together with the law applicable thereto. In order to make either one of these causes available on appeal the record must contain all of the evidence. See Watson's Revision of Works' Practice and Forms, §2001, Vol. 2, p. 562; *Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company* v. *Greb* (1905), 34 Ind. App. 625, 73 N. E. 620; *Jean* v. *The State, ex rel. Guthrie* (1900), 25 Ind. App. 339, 58 N. E. 209, and the cases cited in the above text and decisions. No question is therefore presented by the first two causes in the motion for a new trial. We will now take up the several causes in the motion in relation to the evidence and then take up Cause 3 in the motion. The above rule does not apply where the question presented does not depend upon the entire evidence. Where the court admits improper evidence the question may often be determined without the entire evidence. See *Pavey* v. *Wintrode* (1882), 87 Ind. 379; *Shorb* v. *Kinzie* (1881), 80 Ind. 500. In discussing this question

Judge Elliott, in *Johnson* v. *Wiley* (1881), 74 Ind. 233, said: "The appellee argues that we cannot, without all the evidence before us, consider the question whether testimony was or was not erroneously excluded. The broad proposition is made that it is, in all cases, improper to consider the correctness of a ruling excluding evidence unless the entire body of the evidence is fully and properly in the record. This proposition declares an erroneous doctrine. There are cases where the Appellate Court may rightfully review a ruling excluding testimony without having all the evidence before it." This latter case has been cited and relied upon in numerous of our decisions and may well be regarded as firmly and clearly declaring the rule.

In the instant case, under the rule just stated, we would be required to consider the alleged errors of the court in the admission and exclusion of evidence and in the striking out of certain evidence and in the refusal to strike out certain other evidence, and in not requiring the appellee to produce certain receipts if these questions were properly presented. But the appellant has not in his brief made any reference to the several pages and lines of the transcript where the questions and answers, and the objections and exceptions, and the motions and rulings thereon may be located in the transcript. Having failed to comply with the rules of this court in that regard this court will not consider the questions which the appellant thus undertakes to present regarding the said rulings of the court. See *Allen, Executor* v. *Etter* (1931), 92 Ind. App. 297, 175 N. E. 286; *Cornelius, Executor* v. *Thomas* (1929), 90 Ind. App. 254, 167 N. E. 563; *Martin* v. *State, ex rel. Eidson* (1931), 93 Ind. App. 26, 177 N. E. 354; *Garman et al.* v. *State, ex rel.* (1931), 92 Ind. App. 355, 173 N. E. 640; *McCrocklin* v. *State of Indiana* (1920), 189 Ind. 254, 126 N. E. 678; *State, ex rel. Heflin et al.*

v. *Hinds School Trustee et al.* (1929)', 200 Ind. 613, 165 N. E. 754; *Ex parte McAdams et al.* v. *State of Indiana* (1925), 196 Ind. 184, 147 N. E. 764; *Cheek* v. *State* (1908), 171 Ind. 98, 85 N. E. 779; *Chicago & Erie Railroad Company* v. *Lawrence, Administratrix* (1907), 169 Ind. 319, 79 N. E. 363.

Cause Number 3 in the motion for a new trial, which has heretofore been set out, relates to alleged misconduct of the bailiff of the court in nodding his head toward the jury as certain evidence was being submitted. The appellant asked that the submission be set aside. The court overruled the motion and this ruling is assigned as error. The jury was questioned by the court and each juror stated that they had not seen any such conduct upon the part of anyone. They were then fully instructed in that regard by the court. We do not see any reversible error in the ruling of the court. We have found no reversible error.

Judgment affirmed.