### DORSEY *v.* AMERICAN CENTRAL LIFE INSURANCE COMPANY.

[No. 14,491. Filed May 27, 1935. Rehearing denied October 18, 1935.]

*Samuel J. Offutt, Edward Eikman,* and *Wymond J. Beckett,* for appellant.

*Rocap & Rocap, Charles C. Cox,* and *Jackson & Hinchman,* for appellee.

CURTIS, P. J.—The appellant brought this action against the appellee for damages arising out of personal

injuries alleged to have been sustained by the appellant while she was a customer in a tailoring shop of a tenant of appellee. The appellant brought her action against both the appellee, the landlord, and also against the tenant, but at the close of the evidence dismissed her action against the tenant. The court, upon motion of the appellee, instructed the jury to return a verdict for the appellee, which was accordingly done, and from the action of the court in overruling the appellant's motion for a new trial, she brought this appeal. Error is predicated upon the ruling on the motion for a new trial.

The cause was tried before a jury upon the plaintiff's third amended complaint, which was in one paragraph, to which the appellee filed an answer in general denial.

At the outset it is pointed out by the appellee in its answer brief that the original brief of the appellant is fatally defective in several particulars and especially that it fails to state what the judgment or decree was as required by Rule 21 of the Supreme Court and this court, as adopted November 1, 1933, effective November 15, 1933. (Formerly Rule 22.) This particular defect was pointed out by the appellee in its said brief in this cause filed August 20, 1932. Thereafter the appellant on May 20, 1933, filed a petition for a *writ of certiorari* out of this court directing the clerk of the Hancock Circuit Court, where said cause was tried, to certify to this court the proceedings of the Hancock Circuit Court on the petition in that court for a *nunc pro tunc* entry to show an omitted order as to a final judgment in said cause. The writ was ordered and proper return thereof made. This had the effect of supplementing the record in this court, but it added nothing whatever to the appellant's brief. On August 12, 1933, which was many days after the return to the *writ of certiorari* was made, the appellant filed a petition in this court for leave to withdraw his briefs for the purpose of "making correc-

tions and supplying omissions to the same in the condensed recital of the evidence." The said petition was specific as to the corrections desired to be made but it did not include any request whatever to amend the briefs to show what the judgment was and no such amendment has ever been sought to be made by the appellant. The petition to amend the briefs was granted and the briefs amended in the particulars specified in the petition but no amendment was either petitioned for or made to show what the judgment was.

The appellant is, therefore, asking this court to reverse a judgment without complying with the plain requirement of the rules to show in her brief "what the judgment or decree was." It is needless to say that this court will not search the record to discover what the judgment was in order to reverse it. This particular question was so recently discussed by this court that we do not feel called upon to restate the law again in this opinion. See: *Mullahy* v. *City of Fort Wayne et al.* (1932), 95 Ind. App. 229, 179 N. E. 563.

It becomes unnecessary to discuss other questions attempted to be presented.

Judgment affirmed.