WASHINGTON NATIONAL INSURANCE COMPANY *v.* HINES.

[No. 14,957. Filed November 26, 1935.]

*Greenlee, Richardson & Greenwald, Robert E. Richardson* and *Frank L. Greenwald,* for appellant.

*Wildermuth & Force, Ernest Force* and *John A. Barr,* for appellee.

BRIDWELL, J.—Appellee brought this action on an insurance policy issued by appellant to him, seeking to recover for loss of time occasioned by sickness in accordance with the provisions of said policy.

In considering this appeal we cannot ignore the fact that appellant's brief fails in many respects to comply with rule 21 of the rules of the Supreme and Appellate Courts of this state. A good faith effort to comply with said rule and a substantial compliance therewith must appear before a case will be determined upon its merits, and this has been so often

and consistently held that no citation of authority is required.

Appellant's brief states that the complaint is in one paragraph; that the answer thereto is in four paragraphs; that there is a reply in two paragraphs to the second, third, and fourth paragraphs of answer, and citations of the record are made, presumably for the purpose of informing this court where in the transcript of the record these various pleadings may be found, but nowhere in the brief is there a copy of any of these pleadings set out, nor is any attempt made to state the substance of any pleading. We would, of necessity, have to go to the record to ascertain what issues were submitted for trial. The brief states that the jury returned a verdict for appellee in the sum of $250.00, but is silent as to whether any judgment has been rendered on the verdict. Errors relied upon for reversal, as stated, are:

"1. Error of the court in sustaining appellee's motion to strike out the testimony of the witness, Paul Yocum.

"2. Error of the court in overruling appellant's motion for a new trial in that the verdict of the jury is not sustained by sufficient evidence."

No motion for a new trial is set out in the brief, and we cannot know, without an examination of the transcript of the record, whether either of the claimed errors is included as a cause for a new trial in any motion therefor which may have been filed. In fact there is no showing made that any such motion was duly filed; that it was overruled and an exception to any such ruling reserved by appellant.

The duty rests upon appellant to show by its brief that an error has been committed by the trial court, and that at the time of the commission of such error it duly excepted to the court's ruling or action of which complaint is made. This court will not

search the record in order to ascertain if reversible error exists. *Ft. Wayne Mercantile, etc., Assn* v. *Scott* (1919), 71 Ind. App. 266, 123 N. E. 718; *Moriarity, Rec.* v. *Hickam* (1920), 73 Ind. App. 329, 127 N. E. 459; *State ex rel. Garn* v. *Board, etc.* (1906), 167 Ind. 276, 287-288, 78 N. E. 1016; *State ex rel. Heflin* v. *Hinds, Trustee* (1929), 200 Ind. 613, 165 N. E. 754; *Dorsey* v. *American, etc., Ins. Co.* (1935), 100 Ind. App. 634, 196 N. E. 120.

Notwithstanding the fact that appellant's brief fails to present any question for review, we have read the briefs, considered the points attempted to be raised, and have examined the record sufficiently to be of the opinion that a right result was reached below.

Judgment affirmed.

Curtis, C. J., not participating.