THE NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY *v.* WILLIAMS.

[No. 15,431. Filed May 25, 1937.]

438

*Robert E. Richardson, Charles E. Greenwald* and *Frank L. Greenwald,* for appellant.

*C. Crawford McGuire,* for appellee.

BRIDWELL, C. J.—Appellant's brief presents no question for review because of the failure of appellant in many material particulars to comply with the rules of the Supreme and Appellate Courts of this state for the briefing of cases pending therein.

It is stated in such brief that the issues were formed on the complaint, and the answer of appellant in three paragraphs, but none of the pleadings are set forth, nor is the substance thereof given. It appears that the case was tried to a jury, and that a verdict in favor of appellee for the sum of $340.00 was returned, but whether any judgment was rendered upon such verdict does not appear. Appellant says that the error relied upon for reversal is the overruling of appellant's motion for a new trial, but no such motion is set forth in the brief, nor is it shown therein that any such motion was duly filed and overruled, and that appellant reserved an exception to any such ruling. From the condensed recital of the evidence we learn that the insurance policy upon which the suit was brought, the application therefor, a receipt purporting to be in settlement in full of all claims under the policy, and a death certificate showing the cause of death of the insured were each identified as exhibits and read in evidence in the trial of the

cause, but no attempt has been made to set out either of said exhibits or to state the substance thereof. Under the heading of the brief devoted to "Propositions and Authorities" there is a failure to comply with clause 6 of rule 21 of the rules of court.

The duty rests upon appellant to show by its brief that error has been committed by the trial court, and that at the time of the commission of such error it duly excepted to the court's ruling or action of which complaint is made. We cannot say that there has been a substantial compliance with the rules, and this court will not search the record in order to ascertain if in fact reversible error exists. See *Washington National Insurance Company* v. *Hines* (1935), 101 Ind. App. 154, 198 N. E. 455, and cases therein cited.

Judgment affirmed.