BAXTER ET AL. *v.* MEYERS, RECEIVER.

[No. 15,909. Filed June 1, 1938. Rehearing denied October 7, 1938.]

*George Mock,* for appellants.

*Simmons & Simmons,* for appellees.

LAYMON, J.—Appellee sought by this action to recover upon three promissory notes and to foreclose a mortgage upon certain real estate. The complaint was in two paragraphs. The first paragraph alleged, *inter alia,* the execution by appellants of a promissory note in the sum of $1,200 to The Wells County Bank (predecessor in interest to appellee bank) and the execution by appellants of a mortgage on certain real estate to secure said note. The amended second paragraph of complaint charged in substance: That appellants executed to the said The Wells County Bank their promissory note in the sum of $1,200; that appellants executed a mortgage on certain real estate to secure the payment

of the said $1,200 note and all notes, debts, and obligations in lieu thereof; that at the time of the execution and delivery of the $1,200 note and the mortgage, the bank did not pay to appellants, or either of them, the $1,200; that the bank and appellants agreed that the note and mortgage were executed and delivered to the bank to establish a credit for appellants, so as to enable them, from time to time, to draw upon said bank certain sums of money; that said money so advanced was to be paid to appellant Davis J. Baxter, whereupon said Baxter was to execute his note therefor and that the mortgage was to at all times be security for said several sums so advanced; that thereafter, pursuant to such arrangement, the bank did furnish and deliver to appellant Davis Baxter the sum of $500, and the further sum of $1,000, and said Baxter executed his separate notes therefor. To the first paragraph of complaint appellants answered in general denial and plea of payment. To the second paragraph of complaint appellants answered in two paragraphs, the first a general denial, and the second alleging, in substance, full payment to the bank of all sums advanced by reason of the giving of the $1,200 note and mortgage, and denying the existence of any agreement to advance the sum sued upon, under the credit extended by the giving of the $1,200 note and mortgage. A reply filed to the affirmative paragraphs of answer by appellee closed the issues. The cause was submitted to the court for trial, resulting in a finding and judgment that appellee recover of appellants the sum of $2,166.88, and that the mortgage be foreclosed and the real estate sold to satisfy the judgment and costs. Appellants, in due time, filed their separate and several motion for a new trial upon the grounds: That the decision is not sustained by sufficient evidence; that the decision is contrary to law; error in the assessment of the amount of recovery, being too large; and error

in the admission of certain evidence. The motion was overruled, and this appeal followed. Appellants have each assigned as error the overruling of their separate and several motion for a new trial.

Appellants contend that the decision of the court is not sustained by sufficient evidence, that it is contrary to law, and that there was error in the assessment of the amount of recovery. These contentions require a consideration of the evidence. Rule 21, clause 5, of the Rules of the Supreme and Appellate Courts of this state, approved November 15, 1933, provides that the brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the *substance* clearly and concisely. It appears from appellants' brief that they have not complied with this rule. Under the heading, "Statement of the Evidence," appellants have not set out the substance of the evidence. Several exhibits were admitted and read in evidence. These were referred to by name, page, and line of the transcript, but the substance thereof was not given. This is not a substantial compliance with the rule. *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85, and cases therein cited. To ascertain the substance of the evidence we would be required to search the transcript. It has been repeatedly held by the courts of this state that the brief shall be prepared so that the court can determine all questions presented by the assignment of error without an examination of the record. This court is not permitted by the rule to go beyond the brief of the appellant in quest of error. See

*Schell* v. *Schell* (1927), 199 Ind. 643, 158 N. E. 594; *Washington Natl. Insurance Co.* v. *Hines* (1935), 101 Ind. App. 154, 198 N. E. 455. We have, however, examined the briefs and the record sufficiently to conclude that an equitable result was reached by the trial court and that the finding ought not be disturbed because of the specifications that the decision is not sustained by sufficient evidence, that it is contrary to law, or that there was error in the assessment of the amount of recovery.

Appellants complain of the admission into evidence of the notes sued upon, the mortgage record, and a miscellaneous record offered by appellee. We have carefully examined each of the objections urged and find no error in the admission of this evidence.

The judgment of the trial court is affirmed.