### THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* RITCHEY.

[No. 22,395.   Filed March 17, 1916.   Rehearing denied June 1, 1916.]

APPEAL.—*Briefs.*—*Requisites and Sufficiency.*—Under Rule 22 of the Supreme and Appellate Courts requiring that appellant's brief shall contain, under a separate heading of each error relied on, separately numbered propositions and points, stated. concisely and without argument or elaboration, together with the authorities relied on to support such propositions, a brief fails to comply with such rule and therefore presents no question for review where it states that it relies for reversal on four of the errors assigned, and in that portion of the brief designated as "Points and Authorities" cites numerous propositions of law without any attempt to classify them under the various heads.

From Rush Circuit Court; *Alonzo Blair*, Judge.

Action by Irving G. Ritchey against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914,. Acts 1901 p. 590.)   *Affirmed.*

*Frank L. Littleton, Smith, · Cambern & Smith, C. E. Cowgill* and *L. J. Hackney,* for appellant.

*Wallace Morgan* and *Wymond J. Beckett,* for appellee.

LAIRY, J.—Appellant in its brief makes the statement that it relies for reversal upon four of the errors assigned, namely: "1.   Error of the court in overruling appellant's demurrer to the complaint. 2.   Error of the court in its conclusions of law * * *.   3.   Error of the court in overruling appellant's motion for a venire de novo.   4.   Error of the court in overruling appellant's motion for a new trial."

Under the rules of this court the brief must contain, under a separate heading of each error relied on, separately numbered propositions and

points stated concisely and without argument or elaboration, together with the authorities relied on as supporting them. Rule 22, Supreme Court. It has been frequently held that a failure to set out in the points and authorities the separate errors relied on, followed by the propositions, points and authorities by which appellant seeks to make such error manifest, is a waiver of any alleged error so omitted.

If the appellant relied on the alleged error of the court in overruling the demurrer to the complaint, this rule contemplates that such error should be set out or referred to as a heading in the proper part of the brief, and that under this heading the propositions and points bearing upon the questions thus presented should be stated and supported by authorities. The course thus indicated should be followed as to each error upon which appellant relies. In this case the motion for a new trial was based upon sixteen different causes. This alleged error should appear as a heading and the propositions and points should be so arranged as to present the particular causes assigned upon which appellant relies. The portion of appellant's brief designated as "Points and Authorities" covers thirty-six pages of the brief and contains sixty-six propositions. These propositions are not arranged under separate heads stating or indicating the errors relied on for reversal, but they are numbered consecutively from beginning to end without any attempt to classify them under the various heads as required by Rule 22.

Appellant's brief presents no question for decision. Judgment affirmed.

Morris, J., not participating.

Note.—Reported in 111 N. E. 913.