FARMERS' MUTUAL TELEPHONE COMPANY *v.* DUNCAN ET AL.

[No. 23,093.    Filed June 6, 1917.    Rehearing denied November 22, 1918.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—The overruling of a motion for new trial will not be reviewed, where the appellant fails to set out a copy, or the substance, of such motion.  p. 659.

2. APPEAL. — *Presenting Questions.* — *Assignment of Errors.*— That the finding, decree and judgment are not sustained by sufficient evidence and are contrary to law are causes for new trial, but not proper subjects for independent assignments of error, and such assignments will not be reviewed.  p. 659.

3. APPEAL.—*Evidence.*—*Weight.*—The finding of the trial court is conclusive where there is some evidence to support it, as the Supreme Court will not weigh the evidence.  p. 660.

From Whitley Circuit Court; *Luke H. Wrigley,* Judge.

Action by the Farmers' Mutual Telephone Company against Thomas Duncan and others. From a judgment for the defendants, the plaintiff appeals. *Affirmed.*

*Gates & Whiteleather,* for appellant.

*William F. McNagny, Rob R. McNagny* and *Phil M. McNagny,* for appellees.

ERWIN, C. J.—This action was brought by appellant to set aside and enjoin the enforcement of an order of the Public Service Commission that physical connection be made between the appellant and the appellee Whitley County Company on or before September 1, 1915, and providing that the companies keep an accurate account of the amount of interchange switching done under and by virtue of the order for a period of six months, thus enabling the commission thereafter to fix the costs and charges for the companies. The other appellees are the Public Service Commission and the members thereof. A trial resulted in a finding and judgment for appellees affirming the order of the commission.

Appellant assigns as error: (1) The action of the court in overruling its motion for a new trial; (2) that the finding, decree, and judgment are not sustained by sufficient evidence; and (3) that the judgment, order, and decree of the court is contrary to law.

The brief of appellant does not set out a copy, or the substance, of its motion for a new trial, therefore no question upon the first assignment of error is

1. presented for review. *White* v. *State* (1914), 182 Ind. 686, 107 N. E. 674; *Harvey* v. *French* (1915), 183 Ind. 665, 110 N. E. 62.

The second and third assignments of error are properly causes for a new trial, and as such are not subjects of independent assignment of error on appeal,

2. and therefore present no question for review. *City of Indianapolis* v. *Stokes* (1914), 182 Ind.

Indiana Harbor Belt R. Co. *v.* Public Service Com.—187 Ind. 660.

31, 105 N. E. 477; *Graham* v. *Henderson Elevator Co.* (1915), 60 Ind. App. 697, 111 N. E. 332. Clause 6, §585 Burns 1914, §559 R. S. 1881.

Appellant has attempted to present the question of the sufficiency of the evidence to sustain the finding of the trial court. Where there appears a conflict 3. in the testimony and there is some evidence, as there is here, to sustain the finding, this court will not weigh the evidence, and the court's finding is conclusive. *Southern Product Co.* v. *Franklin Coil Hoop Co.* (1914), 183 Ind. 123, 106 N. E. 872.

We find no reversible error presented, and the judgment is therefore affirmed.

NOTE.—Reported in 116 N. E. 420.