## BAKER v. STEHLE.

[No. 23,156.    Filed March 22, 1918.    Rehearing denied
June 25, 1918.]

APPEAL.—*Briefs.*—*Sufficiency.*—Under Rule 22 of the Supreme
Court requiring that the propositions and points in an appel-
lant's brief shall be grouped under a separate heading for each
error relied on, a judgment must be affirmed, where the ap-
pellant's brief, under "Points and Authorities," set out sepa-
rately numbered propositions of law with authorities in sup-
port thereof, but none of which were applied to the assign-
ments of error.

From Miami Circuit Court; *Charles O. Cole,* Judge.

Petition by Andy Stehle and others for the construc-
tion of a highway, to which Lewis Baker objected.
From an order of the circuit court dismissing his appeal
from the board of commissioners and referring the pro-
ceedings back, Baker appeals.

*Tillett & Lawrence* and *Maurice M. Townley,* for ap-
pellant.

*V. E. Kagy,* for appellees.

SPENCER, C. J.—This proceeding was instituted be-
fore the board of commissioners of Miami county to se-
cure the construction of a certain highway improvement
in that county.    From an order of the board of com-
missioners establishing the proposed work, appellant
prosecuted an appeal to the Miami Circuit Court, and
now complains of the action of that court in dismissing
his appeal and in referring the proceedings back to the
board of commissioners.    The assignment of errors con-
tains five specifications, and under the heading of
"Points and Authorities" appellant's brief sets out fif-
teen separately numbered propositions of law, with
authorities cited in support thereof, but no attempt is
made to apply any of such propositions to particular
assignments of error, and most of them are stated in

abstract form.   Rule 22 (cl. 5) of the rules of this court expressly provides that the several propositions or points presented in an appellant's brief shall be grouped under a separate heading for each error relied on and a violation of this provision has frequently been held to require an affirmance of the judgment below.   *Cleveland, etc., R. Co.* v. *Ritchey* (1916), 185 Ind. 28, 111 N. E. 913; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652.

On the authority of those decisions the judgment in the present case is affirmed.

NOTE.—Reported in 119 N. E. 4.