## WHIPPLE v. CAIN.

### [No. 10,360. Filed May 11, 1920.]

1. APPEAL.—*Briefs.—Failure to Set Out Complaint.—Waiver of Error.—Ruling on Motion for Judgment on Answers to Interrogatories.*—Failure to set out the complaint or its substance in appellant's brief is a waiver of an assignment of error in ruling on appellant's motion for judgment on answers to interrogatories, it being the duty of appellant to so prepare his brief as to present the question without resort to the record. p. 286.

2. APPEAL.—*Briefs.—"Argument."—Statement of the Record.*—Interrogatories and answers set out in the "argument" in a brief, but omitted from the essential part of the brief, will not be considered. p. 286.

3. APPEAL.—*Briefs.—Failure to Set Out Motion for New Trial.—Waiver.*—Appellant's assignment of error in overruling his motion for new trial is waived by his failure to set out such motion in his brief. p. 286.

From Fayette Circuit Court; *George W. Pigman,* Special Judge.

Action by Frank Cain against William C. Whipple. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*D. W. McKee, E. Ralph Himelick, Hyatt L. Frost* and *George W. Goble,* for appellant.

*Allen Wiles* and *Clarence S. Roots,* for appellee.

NICHOLS, C. J.—This was an action by appellee against appellant to recover on account of damages to

appellee's automobile and to his person occasioned by collision between appellee's and appellant's cars.

The only errors that are properly assigned are: First, the overruling of appellant's motion for judgment in his favor upon the jury's answers to interrogatories, notwithstanding the general verdict; and, second, in overruling appellant's motion for a new trial.

The first error is waived for the reason that appellant has not set out the complaint, nor stated the substance thereof, in his brief. Appellant must so 1. prepare his brief that the questions sought to be presented therein can be determined from such brief without resort to the record. *Miller* v. *Berne Hardware Co.* (1917), 64 Ind. App. 473, 116 N. E. 54, 55; *Keeley* v. *Bradford* (1916), 62 Ind. App. 683, 685, 113 N. E. 748. In determining whether judgment should be granted on the answers to interrogatories notwithstanding the general verdict the court looks only to the pleadings, the verdict, interrogatories and answers. *Talbot* v. *Meyer* (1915), 183 Ind. 585, 109 N. E. 841; 6 Ind. Digest, Judgments §199 (y).

Appellant has in argument set out certain interrogatories and answers, but the argument is not a necessary part of the brief, and matters not set forth in 2. the essential part of the brief will not be considered. *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9. Even if we might consider such interrogatories and answers as they appear in the argument, still this would not help appellant because of the absence of the complaint.

The second assignment of error is waived for the reason that appellant has wholly failed to set out in his brief his motion for a new trial. *Robbins* v. 3. *Bank, etc.* (1917), 186 Ind. 573, 117 N. E. 562; *Farmers' Mutual Tel. Co.* v. *Duncan* (1918), 187 Ind. 658, 116 N. E. 420; *M. Rumely Co.* v. *Major*

(1917), 64 Ind. App. 41, 115 N. E. 337; *Miller* v. *Berne Hardware Co., supra.*

Appellant attempts to protect himself against the irregularities in his brief by citing the act concerning civil procedure by the legislature of 1917. Acts 1917 p. 523, §691a *et seq.* Burns' Supp. 1918. As to the questions involved in this case, such act has been declared unconstitutional by the Supreme Court. *Solimeto* v. *State* (1919), 188 Ind. 170, 122 N. E. 578. The judgment is affirmed.