### WINTERS *v.* STATE OF INDIANA.

[No. 25,128. Filed December 22, 1926. Rehearing denied March 8, 1928.]

CRIMINAL LAW.—*No question is presented for review on appeal where propositions in appellant's brief are not applied to any specific error assigned.*—Propositions in appellant's brief on appeal which are merely abstract propositions of law or definitions of words and phrases, without any effort to apply them to any specific error assigned, present no error for review or question for decision, and do not comply with the requirements of cl. 5 of Rule 22 of the Supreme Court as to the preparation of briefs. p. 000.

From Henry Circuit Court; *J. R. Hinshaw,* Judge.

William A. Winters was convicted of driving an automobile while intoxicated, in violation of Acts 1925 p. 147, §9, §2725 Burns 1926, and he appeals. *Affirmed.*

*Evans & DeWitt* and *Robert S. Hunter,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Mueller,* Deputy Attorney-General, for the State.

PER CURIAM.—This is a criminal prosecution for violation of the Prohibition Law under §9, Acts 1925 p. 147, §2725 Burns 1926, whereby the appellant was charged with unlawfully driving an automobile on the public streets while in a state of intoxication. The appellee in its brief insists that this appeal should be dismissed for the reason that appellant's points and au-

thorities stated in his brief, fail to present any error assigned for the reason that no one of the points attempts to relate to any single specified error relied upon to reverse the judgment of the trial court. Appellant sets out in his brief six numbered points, but fails to apply any one of the numbered points to any specific assignment of error. Clause 5, Rule 22, of this court, requires "the brief shall contain under a separate heading of *each error relied upon* (our italics) separately numbered propositions or points stated concisely, and without argument or elaboration, together with authorities to support them." The points set out in appellant's brief are either abstract propositions of law or dictionary definitions of words and phrases, none of which, as said above, relate to any one of the errors assigned.

Appellant therefore, by his failure to state such propositions or points of law, no one of which is applied to a certain error assigned, presents no error for review or question for decision. *Leach* v. *State* (1912), 177 Ind. 234 (10); *Michael* v. *State* (1912), 178 Ind. 676; *Baker* v. *Stehle* (1918), 187 Ind. 468; *Gray* v. *McLaughlin* (1921), 191 Ind. 190; *Dampier* v. *State* (1924), 194 Ind. 646, and cases there cited.

Judgment affirmed.