## DUSTMAN ET AL. *v.* RATLIFF.

[No. 13,043. Filed November 18, 1927. Rehearing denied January 26, 1928. Transfer denied April 17, 1928.]

George Mock, Charles E. Sturgis, Robert W. Stine and Elmore D. Sturgis, for appellants.

W. H. Eichhorn, Frank W. Gordon and John H. Edris, for appellee.

NICHOLS, J.—This is an action by appellee against appellants to recover damages on account of the breach of contract of agency whereby appellants undertook to procure for appellee the title to a certain lot in the city of Bluffton, Indiana, free from encumbrances except a mortgage for $1,300, the breach consisting in failing to inform appellee of the existence of a $500 mortgage which he was afterward compelled to pay.

It is averred in the amended complaint that appellants were real estate brokers; that they represented themselves as being experienced in conducting real estate transactions and experienced in examining abstracts of title and capable of detecting defects or liens appearing therein; that appellee employed appellants to purchase for him a certain lot, then owned by one J. A. Johnson; that appellants accepted said employment and agreed to purchase said lot for appellee and to examine the abstract of title to said lot and to protect appellee from any defects or liens in the title to said lot by informing him thereof and to procure for appellee a good title to said lot; that appellee was inexperienced in said matters and relied upon appellants; that appellee at the direction of appellants entered into a written contract with said Johnson for the purchase of said lot; that appellants were fully informed as to the terms of said contract with said Johnson; that appellee purchased said lot from said Johnson and paid the purchase price

to said Johnson, who executed a warranty deed for said lot to appellee; that the abstract of title to said lot was placed in the hands of appellants for examination and that they represented to appellee that they had examined said abstract, and that said title was free from defects, and that no liens existed against said lot other than those which appellee had assumed; that some months afterward, appellee learned that there was, at the time he purchased said lot, a mortgage thereon for $500 payable to one Lucile Rogers; that said mortgage was shown on the abstract of title which was placed in the hands of appellants for examination; that, through the carelessness and negligence of appellants in the examination of said abstract, they failed to discover and inform appellee of the existence of said mortgage; that appellee paid the amount due on said mortgage, to his damage in the sum of $1,000.

Appellants answered in general denial. The cause was submitted to a jury, which returned a verdict for appellee against appellants for $575.

Appellants' motion for a new trial was overruled and judgment rendered on the verdict for appellee, from which this appeal, appellants assigning as error the overruling of their motion for a new trial, for the reasons that: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the court erred in giving to the jury instructions Nos. 2, 5, 6 and 7 of the instructions requested by appellee, and each of them, and in refusing to give instruction No. 10 requested by appellants.

Appellants are in error in assuming that the essential averment of the complaint was that they were abstractors and that they promised to examine the abstract to be furnished in the transaction, and this has led them into a discussion of the qualifications of an abstractor, in which they argue that the

examination of an abstract involves the exercise of legal learning and knowledge of every branch of the law that affects the ownership of real estate, and they contend that they were only real estate brokers and made no pretension of such qualifications. They also say that there is no evidence to support the averments of the complaint as to their agreement to examine the abstract; but it is apparent that this was not the essential averment of the complaint, but rather that they agreed to procure for appellee a good title free from all encumbrances except a $1,300 mortgage which appellee should assume as a part of the purchase price. The examination of the abstract was but a means to an end, that end being to protect the title that appellee should receive and to see that it was free from encumbrances except such as appellee agreed to assume. Appellants could have examined the abstract as to the encumbrances and discovered them without possessing all of the legal qualifications that they contend that an examiner of abstract should possess. There is evidence that appellant agreed to procure the lot in controversy free from encumbrances except such as were assumed. Appellee testified as to the price he would give for the property if they would give him a clear title and appellant Hunsicker answered "certainly, certainly," and then Mr. Dustman said "certainly," and at the time the deal was being closed, when appellant Simons was present, appellee said to him and to Mr. Rogers whose wife held the second mortgage which appellee was compelled to pay, "Now, men, is the papers all right, for I want a title clear of all encumbrances?" and appellant Simons said, "Yes, Mr. Ratcliff, you don't need to worry a minute; it is all right." Appellee's wife corroborated the testimony of appellee, as to the conversation between appellee and appellants Hunsicker and Dustman. That appellant Simons fully understood that the lot was to

be free of encumbrances is evidenced by the fact that, as the record discloses, he drew the contract of sale between appellee and Johnson, the vendor; in appellant's office and in the absence of appellee, in which he provided that an abstract of title brought down to date showing a merchantable title to the premises free and clear of any and all encumbrances should be furnished.

Appellants have included in their points and authorities a number of abstract propositions of law without making an application thereof to any phase of the case. We therefore give them no consideration. As to appellant's contention that certain of the instructions were erroneous, because they omitted the element of contributory negligence, we need only to say that if appellants deemed it proper that the jury should be instructed upon the question of contributory negligence, they should have tendered instructions to that effect. Not having done so, we do not need to determine as to whether such instructions should have been given had they been tendered.

We have carefully examined the instructions by the court as well as instruction No. 10 tendered by appellant and refused, and we find no reversible error therein.

Judgment affirmed.