PFEIL ET UX. *v.* CITIZENS LOAN AND TRUST COMPANY OF LOGANSPORT.

[No. 13,470. Filed August 30, 1929.]

626

*Joseph Tillett, Arthur Metzler* and *Campbell & Emmons,* for appellants.

*Albert H. Cole* and *Fansler & Douglass,* for appellee.

McMAHAN, C. J.—Action by appellee against appellants on a promissory note. Appellants filed an answer in two paragraphs, in each of which they admitted the execution of the note and the value of the attorney fee as alleged in the complaint. The first paragraph of answer alleged want of consideration. The second paragraph alleged that the note in question had been given in renewal of a former note which had been procured through fraud. This paragraph, in substance, alleges that in 1919, appellee procured John J. Urban and John W. Myers as its agents to sell to appellants stock in the Revere Motor Car Company; that such alleged agents made certain false statements to appellants as to the value of such stock, what it was selling for, and what dividends would be paid within a very short time; that they refused to buy until they could consult Marvin Minnick, who was then the secretary and manager of

appellee trust company; that they called on appellee and told Minnick what Urban and Myers had said, and that they would buy the stock if such motor-car company was financially sound and said statements true, and that they requested of appellee, through Minnick, a statement; that appellee and Minnick assured appellants that said car company's financial standing was all right, that the company would pay a twenty-five per cent dividend within the next year, and that the statements made by Urban and Myers were true; that appellants, relying upon the statements so made by appellee and said agents, purchased the stock and gave their note therefor in the sum of $2,300. It is then alleged that the statements so made were false, and were by appellee known to be false; that the stock was worthless; that the original note was renewed, after which appellants, without knowledge of the fraud, paid $1,000 thereon and later gave the note in suit as a renewal of the former note.

Appellants also filed a counterclaim, setting up the same facts as set out in the second paragraph of answer and seeking to recover the $1,000 so paid.

The jury, at the direction of the court, returned a verdict for appellee for the amount of the note and attorney fees as alleged in the complaint, and judgment followed.

Appellants assign as error the overruling of their motion for a new trial, specifying error in the admission and exclusion of evidence, and in directing a verdict for appellee.

We will not extend this opinion with a review of the evidence. It is sufficient to say there is no evidence to sustain either paragraph of answer. The court committed no error in instructing the jury to return a verdict for appellee.

In the motion for a new trial, appellants set out twenty-nine specifications of error in the action of the court in

sustaining objections to that many questions asked Mrs. Pfeil while testifying as a witness for appellants. In that part of their brief devoted to points and authorities, appellants have set out many abstract propositions of law, all of which may be conceded to be correct statements of law. No attempt, however, has been made to apply any of these propositions to any of the several specifications in the motion for a new trial, or to show wherein or why the court erred in any of its rulings. In harmony with a long line of authority, we hold no question is presented relating to the admission or the exclusion of any evidence. See *Baker* v. *Stehle* (1918), 187 Ind. 468, 119 N. E. 4; *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 131 N. E. 518; *Pinkus* v. *Pittsburgh, etc., R. Co.* (1916), 65 Ind. App. 38, 114 N. E. 36.

Appellants have, in that part of their brief devoted to argument, set out certain alleged errors in refusing to allow Mrs. Pfeil to answer certain questions. It is well-settled that the argument is not a necessary part of the brief and can be omitted, and that matters not set out in the essential parts of the brief will not be considered. See *Whipple* v. *Cain* (1920), 73 Ind. App. 285, 127 N. E. 283. Referring, however, to the part of the brief containing the argument, and giving appellants the benefit of every legitimate inference that can be drawn, it appears that Urban and Myers were agents of the Motor Car Company, and, as such, had solicited appellants to buy stock in that company, in addition to that which they had theretofore purchased; that, before making such additional purchase, they went to appellee bank and sought the advice of Minnick, whom they had known a long time and that he told them the statements which Urban and Myers had made to them were true and that the Motor Car Company was financially good; that, relying upon what Minnick told them,

they purchased the stock from Urban and Myers, giving them their note for the purchase price; and that such stock later became worthless. There is not a particle of evidence to show that Minnick in advising appellants concerning the purchase of the stock, was acting as an agent of appellee. Nor did appellants in any questions asked seek to prove that he was acting for the trust company in any of its business. The only reasonable inference to be drawn from the record is that Minnick was a friend of appellants and that they went to him as an individual for advice, and that, if he gave them any advice, it was in his individual capacity, and not otherwise. It follows that what Mrs. Pfeil said to Minnick and what he said to her about the stock and the financial condition of the Motor Car Company was not admissible in evidence for the purpose of holding appellee liable for anything Minnick may have said to appellants concerning the purchase of the stock in question. The court did not err in refusing to allow Mrs. Pfeil to testify as to what advice Minnick gave appellants concerning the purchase of the stock for which the original note was given.

There is no evidence tending to prove that Urban or Myers, or either of them, was an agent of appellee.

Judgment affirmed.