## HOWENSTEIN *v.* SELLARS.

[No. 14,296. Filed May 18, 1932. Rehearing denied October 27, 1932.]

*Ray McAdams* and *W. W. Sharpless,* for appellant.
*Dudley W. Gleason* and *Howard W. Mountz,* for appellee.

LOCKYEAR, J.—This is an action for a breach of a mutual contract of marriage alleged to have been entered into between the parties to this action.

The appellant and the appellee had each been previously married to other parties, and they were each divorced from their former spouse.

The complaint alleges that on the fifth day of April, 1926, appellee, at appellant's request, went to his home to care for the same and assist in the operation of his store, for which she was to receive $10 per week; that soon thereafter the appellant requested her to marry him, which she promised to do, and it was agreed that their wedding should occur in the month of December of that year.

The complaint alleges further, and she testified, that they from that time on conducted themselves as husband and wife, in every way, excepting no marriage ceremony was ever solemnized. She occupied the same bed with him, but that he from time to time put off the wedding day; that the appellee, with the knowledge and consent and at the request of appellant, went to Rushville, Indiana, to see a sister on business, and while there received a letter from him informing her that he had married another woman.

This action followed; the case was tried before a jury, awarding her $2,000 in the verdict. Judgment for said amount was rendered against the appellant.

A number of errors are assigned, but the appellee asserts in her brief that no question is presented by the appellant's brief.

. An examination of appellant's brief shows that there is set out six separately numbered propositions of law, with authorities cited in support thereof, but no attempt is made to apply any of such propositions to assignments of error and are all stated in abstract form, and do not comply with Rule 22 (cl. 5) of

the Rules of the Supreme and Appellate Courts. The contention of appellee as to appellant's brief is sustained. *Baker* v. *Stehle* (1918), 187 Ind. 468, 119 N. E. 4; Ewbank's Manual (2d ed.) Sec. 181b.

We have, nevertheless, read the evidence and find that the appellee testified to the facts as alleged in her complaint and was supported by the deposition of her son, James Sellars, in which he testified that on one occasion, the appellant told the witness that his mother would always have a home at the lake with him and said they were engaged to be married at that time.

There is sufficient evidence to sustain the verdict and the judgment is affirmed.

Wood, J., not participating.