## LOESER ET AL. *v.* GOLDBERG ET AL.

[No. 14,386. Filed September 29, 1932.]

*Chester Y. Kelly* and *Miller & Causey*, for appellants.
*Piety & Piety* and *John W. Gerdink*, for appellees.

BRIDWELL, J.—Appellants instituted this action against appellees to quiet title to certain real estate in Vigo County, Indiana, of which they claim ownership under the will of one Jennie Goldberg, deceased. Upon the trial of the cause there was a finding and judgment for the appellees, and this appeal followed.

Appellees insist that the judgment of the trial court should be affirmed because appellants' brief does not comply with clause 5 of Rule 22 of the rules of this court, and assert that the Rules of Court are binding, not only on litigants, but also upon this court. We must agree with the latter contention. *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3.

The assignment of errors contains thirteen specifications as follows: (1) The court erred in overruling ap-

pellants' motion for new trial; (2) The judgment appealed from is not fairly supported by the stipulated evidence; (3) The decision of the court is not fairly supported by the stipulated evidence; (4) The judgment appealed from is clearly against the weight of the stipulated evidence; (5) The decision of the court is clearly against the weight of the stipulated evidence; (6) The finding of the court is not sustained by sufficient evidence; (7) The finding of the court is contrary to law; (8) The judgment of the court is not sustained by sufficient evidence; (9) The judgment of the court is contrary to law; (10) The decision of the court is not sustained by sufficient evidence; (11) The decision of the court is contrary to law; (12) The action of the court in overruling appellants' demurrer to appellees, Louis J. Goldberg, Moses B. Goldberg and Henry Goldberg, cross-complaint; (13) The action of the court in overruling appellants' demurrer to appellees, Phoenix Building Loan and Savings Association, fourth paragraph of cross-complaint.

No error assigned by specifications two to eleven, inclusive, is a proper independent assignment of error. *Partlow* v. *Mitchell* (1919), 69 Ind. App. 505, 122 N. E. 340.

Appellants' brief under "Points and Authorities" has but one "heading" as follows: "The finding of the court and the judgment is contrary to law and is not sustained by sufficient evidence." Under this heading then appears separately numbered statements of the contentions of the parties and of the grounds of such contentions, which is followed by 16 separately numbered propositions of law, with authorities cited in support thereof, but no attempt is made to apply any of such propositions to particular assignments of error, and they are stated in abstract form. No one of the errors properly assigned as such in appellants'

"Assignment of Errors" appears under "Points and Authorities." From the heading used we might infer that these abstract propositions of law were meant to apply to the assigned error that "the court erred in overruling the motion for a new trial," but no attempt is made to state wherein the finding is not sustained by sufficient evidence, or is contrary to law, and the assignment that the judgment is contrary to law or that it is not sustained by sufficient evidence presents no question. Rule 22 (cl. 5) of the rules of this court provides that the several propositions or points presented in an appellant's brief shall be grouped under a separate heading for each error relied on, and a violation of this provision has frequently been held to require an affirmance of the judgment below. *Baker* v. *Stehle* (1918), 187 Ind. 468, 119 N. E. 4; *Cleveland, etc., R. Co.* v. *Ritchey* (1916), 185 Ind. 28, 111 N. E. 913; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652.

On authority of the foregoing decisions the judgment is affirmed.