## TOWELL *v.* COMMERCIAL ACCEPTANCE CORPORATION.

[No. 14,568. Filed January 26, 1933.]

*Louis Rosenberg,* for appellant.

BRIDWELL, J.—Appellee brought this action against the appellant to recover possession of a certain automobile and damages for its alleged unlawful detention.

After the issues in the cause were closed it was submitted to a jury for trial and at the close of plaintiff's evidence, and after the plaintiff (appellee) had rested its case, the defendant (appellant), by written motion, requested a peremptory instruction in his favor; the appellee, thereupon, by written motion, requested a peremptory instruction in its favor. The court overruled appellant's motion and sustained the motion of appellee and gave to the jury an instruction directing it to return a verdict for the plaintiff, which the jury did. Appellant filed his motion for a new trial, which was overruled by the court with an exception by appellant. Judgment was rendered on the verdict and this appeal followed, the only error assigned being that the court erred in overruling appellant's motion for a new trial.

In this case the motion for a new trial was based upon twelve different grounds, and appellant, in its brief, expressly waives all except the 1st, 2nd, 3rd, 8th, 10th, 11th and 12th. As to the grounds not expressly waived, appellant, under the heading "Points and Authorities," states that the 1st, 2nd, and 3rd reasons are that "the decision of the judge of the Hancock Circuit Court is contrary to law and is not sustained by sufficient evidence"; the 10th reason, "the refusal of the trial court to sustain defendant's motion for a peremptory instruction to the jury to find for the defendant at the close of plaintiff's evidence"; the 11th reason, "that the trial court erred in sustaining plaintiff's motion to instruct the jury to find for the plaintiff after the close of plaintiff's evidence"; and, the 12th reason, "that the trial court erred in giving to the jury upon its own motion the court's instruction No. 1, instructing the jury to find for the plaintiff." Then follows 14 abstract statements of law, which are denominated propositions, with citations of cases thereunder. No attempt is made to apply any of such propositions to any particular error claimed,

and in this respect appellant's brief wholly fails to comply with Rule 22 (clause 5), of the rules of this court. The violation of this provision has frequently been held to require an affirmance of the judgment below. *Winters* v. *State* (1926), 199 Ind. 719, 154 N. E. 478; *Baker* v. *Stehle* (1918), 187 Ind. 468, 119 N. E. 4; *Cleveland, etc., R. Co.* v. *Ritchey* (1916), 185 Ind. 28, 111 N. E. 913; *Pfeil* v. *Citizens Loan & Trust Co.* (1929), 89 Ind. App. 625, 167 N. E. 623.

Appellant's brief fails to comply with Rule 22 in other particulars, which we need not state, as, under authority of the decisions cited, the judgment must be affirmed. Judgment affirmed.