### BREUNINGER v. WECK ET AL.

[No. 15,407. Filed April 13, 1937.]

*Walter S. Bent,* for appellant.

*McCracken & Eikenbary* and *George A. Yopst,* for appellees.

BRIDWELL, P. J. — Appellant brought this action against appellees seeking thereby to recover a judgment against appellee Catherine Weck on a promissory note executed by her, and to foreclose a mortgage on certain

real estate, which mortgage she had also executed to secure the payment of said note. All other appellees were made defendants to the complaint "to answer as to their interest, if any, in and to said real estate as against" said mortgage, and the complaint prayed foreclosure of said mortgage against all of the defendants. Appellees filed a separate and several demurrer to the complaint challenging the sufficiency of the facts averred to state a cause of action. This demurrer was sustained as to all defendants (appellees) except Catherine Weck, and was overruled as to her. Appellant excepted to such adverse ruling, refused to plead further, and on June 10, 1933, judgment was rendered that "plaintiff take nothing as against all of said defendants except Catherine Weck." From this judgment an appeal was prayed to this court, and in due course this attempted appeal was dismissed because no final judgment as to all defendants had been entered in the trial court. (See *Breuninger* v. *Weck* [1934], 98 Ind. App. 347, 189 N. E. 395.) Thereafter appellee Catherine Weck filed her answer to the complaint in the court below. The issues were closed, the cause submitted to the court for trial without the intervention of a jury, and there was a decision and judgment in favor of appellant and against appellee Catherine Weck. We quote the finding of the court from the record, as follows:

"The court having heard the argument of counsel finds that there is due the plaintiff from the defendant, Catherine Weck, on the note sued upon and described in the complaint the sum of $2,580.70, and the further sum of $150.00 as fees for services of plaintiff's attorney and which sum plaintiff is entitled to recover from the defendant Catherine Weck together with the costs of this action, all without relief from valuation or appraisement laws, and the court further finds that the defendant, Catherine Weck, is the owner of a life estate in the real estate described in the complaint and that said sums so owing by Catherine Weck are se-

cured by a mortgage upon said life estate in said real estate and that plaintiff is entitled to have said mortgage foreclosed and said life estate in said real estate sold."

Judgment was rendered in accordance with the finding on September 26, 1934. Appellant duly filed her motion for a new trial assigning as causes therefor that the decision of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law. This motion was overruled, appellant excepted, and perfected this appeal, assigning as error that (1) the trial court erred in sustaining the separate and several demurrer of the appellees Fred Weck, Adam Weck, Peter Weck, Herman Weck, Henry Weck, Minnie Weck and Carrie Weck to the complaint; (2) the trial court erred in overruling appellant's motion for a new trial.

It is to be noted that appellant and appellee Catherine Weck are the only parties mentioned in the judgment rendered on September 26, 1934. Whether the judgment of June 10, 1933, rendered against appellant and in favor of all appellees other than Catherine Weck could lawfully be reviewed in the consideration of the present appeal, the assignment of errors herein not having been filed until December 11, 1934, we need not, and therefore do not, decide.

In examining appellant's brief we cannot help but observe that no attempt whatever has been made to comply with clause 6 of rule 21 of the Rules of the Supreme and Appellate Courts, providing as follows:

"The briefs shall contain under the heading 'Propositions and Authorities' a copy of each assigned error relied on stating its number as designated in the original assignment of error, and in case the error assigned is the overruling of the motion for a new trial, then the cause relied upon numbered as in the motion. Each of the foregoing assignments shall be separately considered by separately numbered propositions concisely stated

without argument, supported by separately numbered or lettered points and authorities. Assigned errors not treated as herein directed shall be deemed as waived."

Appellant's briefs contain a general heading "Propositions and Authorities," and under this heading appear six separate statements relative to facts, or to legal propositions asserted, and some to both. Authorities are cited, but there is an entire failure to designate as to which of the two assigned errors the several statements apply or are meant by appellant to apply. Under such a state of the record the assigned errors "shall be deemed as waived." Rule 21, clause 6, *supra*.

As was said by our Supreme Court in *Earl* v. *State of Indiana* (1926), 197 Ind. 703, 151 N. E. 3, "rules of court are not only binding upon litigants, but the court itself, as well." See also *Loeser* v. *Goldberg* (1932), 95 Ind. App. 52, 182 N. E. 462, and cases therein cited.

No question being presented for review, the judgment is affirmed.