JONES *v.* MOISE ET AL.

[No. 15,472. Filed May 3, 1937. Rehearing denied October 15, 1937. Transfer denied December 16, 1937.]

*Mote, Mantel & Loughrey, Feathergill & Drybread, Wray E. Fleming, A. J. Stevenson,* and *Patrick J. Smith,* for appellant.

*Mark H. Miller, Urban K. Wilder, Jr., George B. Staff,* and *Shearman & Sterling,* for appellees.

BRIDWELL, P. J.—Appellees brought this action against appellant to recover judgment for an amount claimed to be due on a promissory note which appellant had executed to The National City Company of New York, and which had been transferred by said company to the appellees. The complaint, in addition to alleging the execution and assignment of said note and that the same was due and unpaid except for a credit of $72.00, averred that appellant pledged with the payee thereof eight shares of the capital stock of The National City Bank of New York as collateral security for the payment of such note, which pledge of stock was also assigned to appellees. The prayer of the complaint demanded judgment on the note in the sum of $3,500; that the equity of appellant in said shares of stock so pledged, be foreclosed, the shares sold, and the proceeds applied to plaintiffs' (appellees) debt and costs, the balance, if

any, to be paid into court to be disposed of according to law, and a deficiency judgment for any balance due plaintiffs in the event of the stock failing to sell for a sum sufficient to pay plaintiffs' debt and costs. In the closing of issues many pleadings were filed including 9 seperate paragraphs of answer to the complaint either filed or offered to be filed by the appellant. Interrogatories propounded by appellees for the appellant to answer and filed during the time while the issues were being formed, were answered by appellant under an order of court. To some of the paragraphs of answer, among them the third paragraph, a demurrer was filed and sustained. To other paragraphs, including the fourth, seventh, and eighth, a separate motion to strike out was filed, and each of said motions was sustained. A reply in general denial to the ninth paragraph of answer closed the issues. Appellant requested a trial by jury, but this request was denied, and, thereafter, the cause was tried by the court, and the court having been requested so to do, made and filed its special finding of facts, and stated conclusions of law thereon. The decision was in favor of appellees, and appellant excepted to each of said conclusions of law. Judgment in accordance with the finding and conclusions for the sum of $3,-535.00 followed. In due course appellant filed his motion for a new trial, which was overruled. Appellant at the proper time excepted to each of the court's adverse rulings. This appeal was perfected, ten separate specifications of error being stated in the assignment of errors filed in this court.

The sustaining of the demurrer to the third paragraph of answer; the sustaining of the separate motions to strike out each the fourth, seventh, and eighth paragraphs of answer; and the overruling of the motion for a new trial are the only claimed errors mentioned by ap-

pellant in his briefs under the heading designated by him as "Points and Authorities."

Appellees in their briefs contend that appellant is not entitled to have this court consider and determine whether the trial court committed error in any ruling which is asserted to be erroneous because of the failure on appellant's part to comply with the sixth clause of rule 21 of the Rules of the Supreme and Appellate Courts of this state; that he (appellant) has waived the assigned errors by reason of his non-compliance with said rule. Our attention is directed to the fact that the alleged errors sought to be presented are not designated by number as in the original assignment of errors, as the rule requires; that three errors assigned separately in the assignment of errors are grouped under the heading of "B"; that the last alleged error which he seeks to present is the overruling of the motion for a new trial, and that the cause assigned in the motion and relied upon here is not numbered as in the motion.

That part of rule 21 invoked, provides that "the briefs shall contain under the heading "Propositions and Authorities" a copy of each assigned error relied on stating its number as designated in the original assignment of error, and in case the error assigned is the overruling of the motion for a new trial, then the cause relied upon numbered as in the motion. Each of the foregoing assignments shall be separately considered by separately numbered propositions, concisely stated without argument, supported by separately numbered or lettered points and authorities. *Assigned errors not treated as herein directed shall be deemed as waived.*" (Our italics.) The italicized portion of this rule was not a part of the rules of our Supreme and Appellate Courts as they existed immediately prior to their amendment in 1933, effective November 15, 1933. This appeal was perfected April 3, 1935.

It has heretofore been, and now is, the policy of this court to construe its rules liberally to the end that causes on appeal may be determined on the merits and disposition thereof so made, rather than on questions of procedure. We cannot, however, ignore the fact that the court as well as litigants therein are bound by the rules. See *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Loeser* v. *Goldberg* (1932), 95 Ind. App. 52, 182 N. E. 462.

In the instant case the answer briefs of appellees were filed on August 31, 1935, and these briefs not only pointed out the fact that there was a failure on the part of appellant to comply with the rule above quoted, but urged upon this court that it enforce its rules. No petition was thereafter filed by the appellant requesting that he be permitted to amend his briefs so as to comply with the rule. Instead of so doing, appellant filed his reply briefs on September 17, 1935, and therein contends that his original briefs "show a good faith attempt to comply with said rule," and such attempt as entitles him to a consideration and decision on the questions he seeks to have reviewed. Authorities are cited which hold that where a good faith effort to comply, and a substantial compliance with the rules has been made, the cause will be disposed of on its merits. These cases were decided prior to the amendment of the rules in 1933, or, are cases where, so far as the opinions disclose, rule 21, clause 6, was not involved, or the failure to comply with such rule, before the court for consideration.

The subject matter of rule 21, before said amendments were made, was covered by rule 22, and there was no provision therein, nor elsewhere, to the effect that assigned errors not treated as in the rule directed "shall be deemed as waived." A good faith effort to comply,

and a substantial compliance with the rule herein considered does not appear.

No reversible error being presented, the judgment is affirmed.