## MARTIN *v.* PETGIN.

[No. 15,609. Filed November 22, 1937.]

John W. Kitch, Don F. Kitch, and Kessinger & Kessinger, for appellant.

Whiteleather & Bloom, and Gochenour & Graham, for appellee.

WOOD, J.—The appellant brought suit against the appellee to quiet title to a tract of real estate in Kosciusko County. To this complaint the appellee filed two separate paragraphs of answer alleging affirmative matter and a third paragraph in general denial. Appellant filed a reply in general denial to the two paragraphs alleging affirmative matter. Appellee also filed a cross-complaint against appellant praying that his title be quieted to the same tract of real estate. Appellant filed an answer in general denial to this cross-complaint.

On these issues the cause was submitted to the court and a jury for trial resulting in a verdict in favor of the appellee on his cross-complaint and judgment was rendered thereon in his favor. Within due time the appellant filed a motion for a new trial, which was overruled, and this appeal followed. The errors assigned for reversal are the overruling of appellant's motion for judgment on the jury's answers to the interrogatories and the overruling of her motion for a new trial.

We are met at the threshold of a consideration of this appeal upon its merits by a vigorous challenge of the

appellant's brief by appellee to present any question for our examination because of the failure of appellant to comply with the rules of this court adopted November 1, 1933, effective November 15, 1933, in its preparation.

The appellee asserts that in that portion of her brief devoted to a concise statement of so much of the record as fully presents every error and exception relied upon for reversal referring to the lines and pages of the record, appellant does not show in her brief that her motion for judgment on answers to the interrogatories is in the record by reference to the lines and pages of the record, nor that such motion was ever filed or presented to the trial court, nor that the trial court ever overruled such motion, nor that the appellant ever reserved any exception at the time thereof to the trial court's ruling on such motion. That the appellant's motion for a new trial is in the record by reference to the lines and pages of the record, nor that such motion was ever filed and presented to the trial court, nor that the trial court ever overruled said motion, except by participial expression, and then without reference to the lines and pages of the record, nor that the appellant ever reserved any exception at the time to the court's ruling on such motion, giving the lines and pages of the record where it could be found. A careful examination of appellant's brief sustains appellee's assertions.

Notwithstanding this attack and the liberality of this court, upon timely application being made for the purpose to permit the amendment of briefs and to correct alleged mistakes or supply defects therein, the appellant has not seen fit to avail himself of that privilege.

It has heretofore been and now is the policy of this court to place a liberal construction on its rules, to the end that causes on appeal may be determined on their merits rather than on questions of procedure. But we

cannot ignore the fact that the court as well as litigants therein are bound by its rules. *Willett* v. *Larch* (1920), 189 Ind. 410, 127 N. E. 546; *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Loeser* v. *Goldberg* (1932), 95 Ind. App. 52, 182 N. E. 462; *Mullahy* v. *City of Fort Wayne* (1932), 95 Ind. App. 229, 179 N. E. 563; *Jones* v. *Moise* (1937), post 390, 8 N. E. (2d) 90. It has been repeatedly held by this court that its rules have the full force and effect of law. *Griffith* v. *Felts* (1913), 52 Ind. App. 268, 99 N. E. 432, and authorities cited.

Section five of rule 21 of this court as adopted November 1, 1933, makes it obligatory upon appellant to set out in her brief the pages and lines of the transcript where it shows that the motions for judgment on the interrogatories and for a new trial were filed by her, the ruling of the court thereon, and that she saved an exception to such rulings at the time they were made, thus saving the court the necessity of searching the record. "Appellant is required to state so much of the record as fully presents every error and exception relied upon, referring to the pages and lines of the transcript." *Martin* v. *State* (1931), 93 Ind. App. 26, 177 N. E. 354; *State ex rel.* v. *Hinds* (1929), 200 Ind. 613, 165 N. E. 754.

No question being presented the judgment is affirmed.