WITT *v.* WITT, EXECUTRIX, ET AL.

[No. 15,920. Filed June 1, 1938. Rehearing denied June 29, 1938. Transfer denied September 29, 1938.]

*Ruckelshaus & Ruckelshaus* and *Ira M. Sharp,* for appellant.

*Ernest R. Stewart, Albert M. Bristor* and *Harry S. Medlock,* for appellees.

DUDINE, C. J.—Appellant filed a claim against appellee estate for money advanced to appellee executrix which was used by the executrix to pay obligations of said estate.

Appellees The Boone County State Bank, Fletcher American National Bank of Indianapolis, and Fletcher Joint Stock Land Bank of Indianapolis, who are referred to in appellant's brief and in the transcript as "intervenors" each filed separate answers to said claim, in which answers they claimed, by way of set-off against the claim, an amount due the estate from appellant on a certain promissory note executed by appellant to the decedent. The transcript and briefs do not show why the court permitted said appellees to intervene but the propriety of their intervention is not questioned.

Appellant filed a reply in which he alleged advances of money to said executrix and to creditors of said estate, which advances were *"entirely distinct and separate from the advances claimed in . . . (his) . . . claim,"* (our italics), and prayed that said advances be set off against the amount due from him on said note. Other issues were presented by the pleadings, but it will serve no good purpose to discuss them or to discuss the pleadings in further detail.

The cause was submitted to the court for trial without a jury and the court found for appellant that he should recover $7,580.09 from the estate on his claim, and the court found for the estate on said answers that the sum of $6,297.38 should be set off against said sum due appellant. The court rendered judgment that appellant recover $1,282.71, the difference between said two amounts.

Appellant appeals from said judgment, assigning as his sole error of law the overruling of a motion for a new trial filed by him.

The causes for new trial set forth in the motion and discussed in appellant's brief are: 1st, alleged error in the assessment of the amount of recovery, the same being too small; 2nd, the decision is contrary to law; 3rd, the decision is not sustained by sufficient evidence.

Under the heading "Points and Authorities" in appellant's brief, propositions of law are stated in support of each, the assigned ground for new trial that the assessment of the amount of recovery is too small and the assigned ground for new trial that the decision is contrary to law, but no application whatsoever is made of said propositions of law to the instant case.

Under said heading, and in support of the assigned ground for new trial that the decision is not sustained by sufficient evidence, statements are made as to what

the evidence will show, but no application whatsoever is made of said contentions to the instant case.

That does not constitute a consideration of said assignments as is required to be made under the heading "Propositions and Authorities" as is required by Rule 21, Par. 6th (adopted November 1, 1933) of this court. We are unable to determine definitely what questions appellant intended to discuss under the heading "Propositions and Authorities." Rule 21, Par. 6th, *supra*, provides: ". . . Assigned errors not treated as herein directed shall be deemed waived."

We therefore hold that said assigned grounds for new trial are waived. See *Dustman* v. *Ratliff* (1927), 87 Ind. App. 360, 158 N. E. 596; *Martin* v. *State ex rel. Edison* (1931), 93 Ind. App. 26, 177 N. E. 354; *Howenstein* v. *Sellers* (1932), 95 Ind. App. 150, 181 N. E. 46.

We have, however, read the evidence. There is sufficient evidence in the record to sustain the decision and the decision is not contrary to law. Furthermore the evidence sustains the court's decision as to the amount of recovery.

Judgment affirmed.