Martha EISENBARTH, Plaintiff and
Respondent,

v.

William EISENBARTH, Defendant and
Appellant.

Supreme Court of North Dakota.

May 29, 1958.

Rehearing Denied July 22, 1958.

J. K. Murray, Bismarck, for appellant.

Strutz, Jansonius & Fleck, Bismarck, for respondent.

GRIMSON, Chief Justice.

This matter comes before the court on an appeal from the order of the district court granting a motion for modification of the divorce judgment in this action, entered March 1, 1954. Just prior to the trial the parties and their attorneys met in the Chambers of the Burleigh County Court House to try to arrange a settlement between the parties. It was agreed that the custody of the three minor children of the parties, aged 10, 7 and 3 years should be awarded to the plaintiff; that the defendant should pay the plaintiff $65 per month for their support and maintenance until each had reached the age of 18 years when the payments should be reduced one-third. Some question arose over the amount of indebtedness against the residence property in which the parties lived. It appeared there was a first mortgage of $8,000 thereon and further that on Jan. 6, 1954, after this action was commenced, a second mortgage for $5,000 dated April 14, 1951, allegedly given by the parties to Ed Eisenbarth, the father of the defendant, had been filed for record. The statements of both parties raised a question as to the execution of this second mortgage. Fraud is charged in that connection. The conclusion was finally reached that, according to the statements of both parties, the second mortgage was not properly executed and therefore, void. On that assumption the residence property was assigned to the plaintiff. She also was to have the furniture and fixtures. That settlement was reduced to writing and signed by both parties, accepted by the court and made a part of the judgment entered. The defendant then quitclaimed said residence property to the plaintiff in accordance with the judgment.

Some months later the father of the defendant, Ed Eisenbarth, holder of that second mortgage, served notice on the plaintiff of his intention to foreclose that mortgage. The plaintiff then commenced an action to have the second mortgage declared void on the grounds which were believed to exist at the time she accepted that residence property in settlement. Plaintiff made Ed Eisenbarth the defendant. Eisenbarth made a general denial and counterclaimed for the foreclosure of the mortgage. The trial court found in favor of the plaintiff and declared the second mortgage null and void. On appeal, however, this court found the evidence insufficient to hold the second mortgage void and returned the case to the district court for trial of the defendant's counterclaim for the foreclosure of the mortgage. Eisenbarth v. Eisenbarth, N.D., 80 N.W.2d 118. This foreclosure was granted in the district court and plaintiff loses possession of the premises when the year of redemption expires.

Now the plaintiff makes a motion in the original divorce action for a modification of that judgment. The motion was heard by the district court, who originally heard the case. Upon affidavits of the parties and counsel, and on all the other records, files and proceedings in the action, the court

came to the conclusion that because of the error made in connection with the settlement embodied in the original judgment and the circumstances in connection therewith, and for the welfare of the children of the parties, it should be modified. The court, therefore, ordered the judgment modified to the extent that the defendant pay for the support and maintenance of the minor children of the parties an additional sum of $35 per month, commencing Sept. 1, 1957, for 100 months. The district court ordered the original judgment modified accordingly.

The defendant appeals from that order and assigns as specifications of error, first, that the court erred in awarding the plaintiff relief which was not incorporated in plaintiff's motion for modification of the judgment, and second, that the court erred in making an order awarding the plaintiff $35 per month for 100 months for further support of the children.

The defendant points out that in the motion for the modification of the judgment itself there is no statement specifying what modification is desired. It is stated, however, that the motion will be made upon all the records, files and pleadings in said action and the attached affidavit of the plaintiff which fully stated the situation regarding the mortgage.

A notice of the hearing of that motion was served with the motion. In that notice it is stated that the motion is for an order modifying the judgment by making the defendant pay the second mortgage and "for such other relief as to the court may seem just and equitable." It is true that both the affidavit of the plaintiff and the notice referred to a request for an order requiring the defendant to pay that second mortgage. Clearly, however, the further request for such other relief as may seem just and equitable "brought before the defendant and the court that if the request to pay the mortgage could not be allowed other matters for relief in lieu thereof

would be considered on the motion. That would include the necessity of supplying some other means for a home in which to bring up the children. When the motion and the accompanying papers are considered as a whole the defendant was fully advised as to the purpose of the motion. It is generally recognized that when a motion and the attached papers and records are sufficiently precise and complete to advise both the defendant and the court of the question involved, that is sufficient.

"It is possible, however, by an overrigid and strict enforcement of the rules of practice to make them hindrances to the doing of justice, rather than aids. Therefore, while the courts constantly endeavor to have attorneys prepare their motions with careful regard to the rules, they will not deny a litigant the right to be heard and have relief granted because of informality in the motion, if its purport is discernible. When a substantial controversy in fact exists between parties, which is so presented that the court can apply the law and adjust their rights, it would not be in accordance with the spirit of an enlightened jurisprudence to refuse to do so merely because of some slight informality, or a failure by one party to comply strictly with the rules of practice, in matters where the informality or omission will not work injustice or impose any hardship upon the opposite party." 37 Am.Jur. Motions, Rules and Orders, Sec. 5, p. 503, 509. See also Louisville, N. A. & C. Ry. Co. v. Creek, 130 Ind. 139, 29 N.E. 481, 14 L.R.A. 733.

" 'The appellate courts are committed to the policy of attempting to decide all cases upon their merits whenever possible, with increasing regard for the substance and diminishing regard for the form. Security Savings & Loan Ass'n v. Morgan (1939), 106 Ind.App. 437, 20 N.E.2d 707; Starkie v. State (1943), 113 Ind.App. 589, 49 N.E.2d 968. To that end it is the policy to

place a liberal construction upon the Rules, Martin v. Petgin (1937) 104 Ind. App. 308, 11 N.E.2d 59.' Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, Section 2115, Ch. 40, p. 4." Miller v. Ortman, 1956, 235 Ind. 641, 136 N.E.2d 17, 23.

Under the second assignment of error it is necessary to consider the authority of the court to modify judgments of this kind. Section 14-0522 NDRC 1943, provides:

"In an action for divorce, the court, before or after judgment, may give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may vacate or modify the same at any time."

■■ In Section 14-0524 NDRC 1943, there is a further provision that the court "may compel either of the parties to provide for the maintenance of the children of the marriage." That section also gives the court authority to modify its orders in these respects. In divorce actions on questions involving the children, the determining consideration is the welfare of the children. Rufer v. Rufer, 67 N.D. 67, 269 N.W. 741, and cases cited. In Sinkler v. Sinkler, 49 N.D. 1144, 194 N.W. 817, 819, this court said:

"It is not to be doubted that the court, under the statute, and regardless of any contract of the parties to the contrary, at all times retains control of the decree of divorce in so far as the rights of the children are concerned."

■ In passing upon this motion to amend the judgment Judge Thom, Jr., took into consideration the welfare of the minor children as he had a right to do. Sinkler v. Sinkler, supra. He also passed on the question of fraud raised but it is not necessary for us to pass upon that question. The welfare of the children alone is sufficient grounds for making a change in the judgment in their interest.

■ At the time of awarding the original judgment the residence property was granted to the plaintiff. That would give her a home in which to bring up the children. It was really a part of the allowance awarded her for the support and maintenance of the children. Judge Thom, Jr., in his memorandum decision, dated August 27, 1957, passing on this motion, says that both the first and second mortgages are being foreclosed and that "this property in question is the home of the children as well as the plaintiff. From the evidence in the divorce record foreclosure of both mortgages will result in depriving the children of their home." Apparently the period of redemption will expire this summer.

Awarding the home to the plaintiff was clearly considered by the court as part of the allowance to the plaintiff for the support and maintenance of the children. On losing that home she will have that much less support from the defendant for the maintenance of the children. The error made with regard to the encumbrance on the home was caused by the mistake of the parties adopted by the court at the request of both parties. For that error the defendant was at least as much to blame as the plaintiff. It is only fair that he should be required to make a further contribution for the support and maintenance of the children in the new home.

The Order of the District Court is affirmed.

MORRIS, SATHRE, JOHNSON and BURKE, JJ., concur.